# EXHIBIT A

FILED DATE: 5/1/2023 6:56 PM    2023L004533

FILED
5/1/2023 6:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L004533
Calendar, Y
22529642

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DUKE REALTY ePORT URBAN RENEWAL LLC, <br><br> Plaintiff, <br><br> v. <br><br> PREMIER DESIGN + BUILD NATIONAL LLC and PREMIER DESIGN + BUILD GROUP, LLC, <br><br> Defendants. | Case No. 2023L004533 <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Duke Realty ePort Urban Renewal LLC ("Duke" or "Plaintiff"), by and through its attorneys, K&L Gates LLP, brings this Complaint for breach of contract, negligence, and professional negligence against Defendants Premier Design + Build National LLC ("Premier National") and Premier Design + Build Group, LLC ("Premier Group" and collectively with Premier National, "Premier" or "Defendants"), and states as follows:

## NATURE OF THE DISPUTE

1. This is an action for breach of contract, negligence, and professional negligence arising from Premier's breach of its contractual and other obligations related to the design, engineering, and construction of warehouse buildings and access bridges owned by Duke. Due to Premier's breaches and negligence, at least one of the buildings and two access bridges have experienced excessive and deleterious settlement.

2. Duke seeks compensatory damages for costs Duke has incurred and will incur in the future to remediate the damage caused by Premier's breaches and negligence, consequential

1

and incidental damages, reasonable attorney's fees, interest and costs, and for such other relief as is equitable, appropriate, and just.

## THE PARTIES

3. Duke is a New Jersey Limited Liability Company with its principal place of business located at 1800 Wazee Street, Suite 500, Denver, Colorado 80202.

4. Premier National is a Delaware Limited Liability Company with its principal place of business located at 71 South Wacker Drive, Suite 2125, Chicago, Illinois 60606.

5. Premier Group is an Illinois Limited Liability Company with its principal place of business located at 71 South Wacker Drive, Suite 2125, Chicago, Illinois 60606.

## JURISDICTION AND VENUE

6. Pursuant to the Constitution of the State of Illinois, Art. VI, § 9, this court has original jurisdiction over this proceeding.

7. This court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 because Duke and Premier both "consent[ed] to the exclusive jurisdiction . . . of the Circuit Court of Cook County, Illinois" for "unresolved claims, counterclaims, disputes, controversies, and other matters in question" between Duke and Premier arising out of or relating to the Contract between the parties. Ex. 1, § 23.15(b)(v).

8. Venue is proper in this District pursuant to 735 ILCS 5/2-101 because Duke and Premier both "consent[ed] to the exclusive . . . venue . . . of the Circuit Court of Cook County, Illinois" for "unresolved claims, counterclaims, disputes, controversies, and other matters in question" between Duke and Premier arising out of or relating to the Contract between the parties. Ex. 1, § 23.15(b)(v).

## BACKGROUND FACTS

I. **DUKE AND THE PROPERTY**

2

9. Duke is the current owner of certain parcels constituting approximately 103 acres of real property located at 960, 980, and 1000 High Street in Perth Amboy, New Jersey, on Block 425, Lot 1.02, Block 426, Lot 3.04, and Block 428, Lots 1.01, 1.02, 1.03, and 1.05 (collectively, the "Property").

10. Duke is the successor in interest to Bridge Perth Amboy Urban Renewal, LLC, formerly known as Bridge Perth Amboy, LLC, which owned the property until on or about November 22, 2017, when Duke purchased the Property via a purchase agreement.

11. The ground underneath the Property has numerous layers of different types of materials, including a layer of artificial fill (gravel, rock, and man-made materials) and, below that, soft, organic, silty clay.

## II. THE PROJECT

12. On or about August 18, 2015, Bridge Perth Amboy, LLC entered into a contract with Premier National (the "Contract") to build three warehouse buildings and at least two access bridges (the "Project") on the Property. A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit 1.

13. On information and belief, on or about August 18, 2015, Premier National assigned certain rights and obligations under the Contract to its affiliate, Premier Group, pursuant to a Partial Assignment of Construction Agreement ("Premier Assignment"). On information and belief, pursuant to the Premier Assignment, Premier Group entered into various subcontract agreements for design and construction of the Project.

14. On or about November 22, 2017, Bridge Perth Amboy Urban Renewal, LLC assigned the Contract to Duke via an Assignment and Assumption of Service Agreements and

3

Intangibles (the "Duke Assignment"). A true and correct copy of the Duke Assignment is attached hereto and incorporated herein as Exhibit 2.

15. Pursuant to the terms of the Contract, Premier agreed to provide demolition, design, engineering, architectural, and construction services for the Project. Ex. 1, § 2.1-2.4.

16. Pursuant to the terms of the Contract, Premier agreed to provide competent, fully qualified personnel to perform the services. Ex. 1, § 2.10.

17. Pursuant to the terms of the Contract, Premier also agreed to perform, among other things, site work, which included: (1) mass excavation and fine grading of the site, including grading necessary to complete floor slabs, pavement areas, and green spaces; and (2) ensuring structural fill areas were compacted as recommended by a geotechnical engineer. Ex. 1 at Ex. "B".

18. Premier was advised that there were deposits of loose, uncontrolled fill materials and a compressible, organic clay stratum below the fill on the Property.

19. Premier knew that the soil stratum underlying the Property had the potential to cause damaging differential settlements under new load conditions, such as buildings and access bridges, if left untreated.

20. Upon information and belief, Premier's subcontractors advised Premier to treat the area beneath the proposed access bridges and buildings, including at 980 High Street, Perth Amboy, New Jersey, with surcharging (applying excessive vertical load or weight in excess of that associated with the long-term development conditions to accelerate consolidation) to prepare the soil to support the eventual development and construction of access bridges and warehouse buildings.

**III. The Access Bridges**

4

21. On information and belief, Premier was involved in the design, engineering, and construction of two bridges (including foundational support for the bridges) to enable access to and from areas on the Property. These bridges include: (i) the Eastern access bridge leading to 1000 High Street, Perth Amboy, New Jersey; and (ii) the Western access bridge leading to 1000 High Street, Perth Amboy, New Jersey (collectively the "Access Bridges").

22. The Access Bridges were constructed prior to the construction of the warehouses.

23. On information and belief, during construction of the Access Bridges, Premier purported to review the design plans for the Access Bridges as well as overseeing the construction of the Access Bridges to ensure that they would perform as intended and to ensure that they were built in accordance with the plans and specifications.

24. The Eastern Access Bridge ("EAB") and the Western Access Bridge ("WAB") are concrete arch structures with asphalt roadway above. The EAB and the WAB span a drainage creek and provide vehicle access to the warehouse located at 1000 High Street.

**IV.  Failure of the Access Bridges**

25. The Property and the soil beneath it are comprised of numerous layers of different types of materials, including a layer of artificial fill (gravel, rock, and man-made materials) and, below that, soft, organic, silty clay.

26. The Project anticipated heavy truck and tractor-trailer traffic over the Access Bridges upon completion and occupancy of the warehouses.

27. The Access Bridges and their foundational elements were poorly planned, poorly designed, poorly engineered, poorly constructed, and thus not sound or fit for their purposes.

28. These defects have led the EAB and the WAB to suffer significant damage, including but not limited to: (i) settlement of the EAB and the WAB; (ii) cracks in the frame of

5

the EAB and the WAB; and (iii) gaps, settlement, and separation in the concrete masonry unit blocks making up the retaining walls.

29. As a result of the foregoing defects, Plaintiff has been and will continue to be severely damaged.

## V. The 980 High Street Building

30. Upon information and belief, Premier and/or its subcontractors surcharged the portion of the Property where the original footprint of the building located at 980 High Street (the "980 High Street Building") was to be built.

31. Upon information and belief, it was later decided that the footprint of the 980 High Street Building would be increased and that the additional space would be built on portions of the Property that had not been sufficiently surcharged by Premier and/or its subcontractors (the "980 High Street Building Extension").

32. Upon information and belief, Premier worked with Menard Group ("Menard") and GEI Consultants, Inc. ("GEI") to develop a system of rigid inclusions or controlled modulus columns ("CMC") to reinforce the soil beneath the 980 High Street Building Extension, to support the 980 High Street Building, and to prevent deleterious settlement of the 980 High Street Building.

## VI. EXTENSIVE DAMAGE TO THE 980 HIGH STREET BUILDING

33. On February 15, 2017, Bridge Perth Amboy, LLC entered into a lease agreement with Target Corporation ("Target") for Target to lease the 980 High Street Building.

34. In 2019, Target sent a letter to Duke informing it of cracking and potential failure of the exterior wall and foundation of the 980 High Street Building.

35. Thereafter, Duke hired engineers to monitor the 980 High Street Building and to determine whether the 980 High Street Building was experiencing deleterious settlement.

6

FILED DATE: 5/1/2023 6:56 PM    2023L004533

36. Duke's engineers monitored the 980 High Street Building over time and determined that the 980 High Street Building was experiencing unusual and deleterious settlement and that such settlement would continue if not properly abated.

37. As a result of the settlement, the 980 High Street Building sustained extensive damage related to separation and movement between the floor slab and the exterior walls.

38. The damage includes, but is not limited to: separating joints; broken pipes; gaps in flooring; doors separating from walls; settling of wall footing; and visible distress on the inside of the building.

39. The damage was caused by excessive settlement in the area of the 980 High Street Building Extension, where Premier failed to sufficiently complete surcharging prior to construction and where Premier and its subcontractors' design, engineering, construction, and installation of CMC's failed to support the 980 High Street Building Extension and failed to prevent unusual and deleterious settlement.

**VII. Remedial Measures Related to The 980 High Street Building**

40. Duke's engineer proposed a remedy designed to prevent further excessive settlement of the 980 High Street Building, which included the installation of micropiles and brackets on the outside of the 980 High Street Building Extension to support the existing ground floor slab and walls.

41. Duke has taken remedial measures to abate further settlement and damage to the 980 High Street Building and to alleviate disruption to its tenant's ongoing business.

42. Duke continues to monitor the 980 High Street Building to determine whether there is any additional settlement.

43. As a result of the settlement related damage to the 980 High Street Building and continuing remediation, Duke has expended substantial amounts of money and sustained substantial damages.

44. Duke will continue to suffer loss and damage as remediation of the 980 High Street Building continues.

## COUNT I
## BREACH OF CONTRACT

45. Duke reasserts and incorporates by reference the allegations in Paragraphs 1 through 44 as set forth fully herein.

46. A valid and enforceable contract exists between Duke (as Bridge Perth Amboy Urban Renewal, LLC and Bridge Perth Amboy, LLC's assignee) and Premier. (*See* Exs. 1 and 2).

47. Pursuant to the Contract, Premier agreed to perform its work with the skill and care ordinarily exercised by qualified professionals performing the same type of services and in accordance with locally prevailing standards of practice.

48. Premier owed Duke a contractual duty to perform its work and provide its services in accordance with locally prevailing standards of practice, industry standards, professional rules, and applicable codes, rules, regulations, statutes and laws.

49. Premier owed Duke a contractual duty to perform its scope of work and provide its services in a competent, professional, workmanlike, and non-negligent manner.

50. Premier owed Duke a contractual duty to perform its scope of work and provide its services in accordance with the relevant contracts, contract documents, approved construction plans, surveys, recommendations and specifications.

51. Premier owed Duke a contractual duty to perform its scope of work and provide its services in a safe and competent manner that would address soil conditions, settlement related

8

issues, foundation related issues, and that would ensure that work and services at the Project would not result in damage to structures erected pursuant to the Contract.

52. Premier also warranted that its services would be of good quality and free of faults and defects.

53. In breach of the duties and obligations of the Contract between Plaintiff and Premier, Premier failed to:

　　a. Prepare sufficient plans and specifications for the design, engineering, stabilization, and construction of the Access Bridges and the 980 High Street Building;

　　b. Provide materials sufficient for the proper construction of the Access Bridges and the 980 High Street Building;

　　c. Properly test the soil at the locations selected for the construction of the Access Bridges and the 980 High Street Building to ensure that the soil conditions were properly taken into account in designing the foundational support for the Access Bridges and the 980 High Street Building;

　　d. Properly design the foundational support for the Access Bridges and the 980 High Street Building; and

　　e. Properly supervise the construction of the Access Bridges and the 980 High Street Building to ensure compliance with plans, specifications, and all applicable codes, laws, regulations, and industry standards.

54. In exchange for its services, Premier was compensated pursuant to the terms of the Contract.

55. As a direct and proximate result of Premier's breach of the Contract described above, the Access Bridges and the 980 High Street Building contained the defects described above.

56. To make the 980 High Street Building fit for its intended use, Duke retained additional experts and contractors to analyze, design, and repair the 980 High Street Building at a total cost to be determined at trial.

57. To make the Access Bridges fit for their intended use, Duke retained additional experts and contractors to analyze, design, and ultimately repair the Access Bridges at a total cost to be determined at trial.

58. As a direct and proximate result of Premier's breaches, Duke has suffered, and will continue to suffer, severe, direct, and consequential damages.

WHEREFORE, as to Count I, Duke respectfully requests that the Court enter judgment in its favor and against Premier as follows: (1) compensatory damages; (2) consequential and incidental damages; (3) interest, costs, and fees; (4) reasonable attorneys' fees incurred; and (5) any other or further relief the Court deems just and proper.

## COUNT II
## NEGLIGENCE
## (IN THE ALTERNATIVE)

59. Duke reasserts and incorporates by reference the allegations in Paragraphs 1 through 44 as set forth fully herein.

60. Premier owed a duty to exercise reasonable care in designing, engineering, constructing, and/or supervising the construction of the Access Bridges and the 980 High Street Building in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the construction of access bridges and warehouses, and all applicable state and local building codes, regulations, and ordinances.

61. Premier breached its duty of reasonable care.

10

62. Duke has been damaged as a direct and proximate result of the above-described breaches by Premier of its duty of reasonable care.

63. As a direct and proximate result of the foregoing breaches of the duty of reasonable care owed to Duke by Premier, Duke has suffered, and will continue to suffer, severe, direct, and consequential damages.

WHEREFORE, as to Count II, Duke respectfully requests that the Court enter judgment in its favor and against Premier as follows: (1) compensatory damages; (2) consequential and incidental damages; (3) interest, costs, and fees; (4) reasonable attorneys' fees incurred; and (5) any other or further relief the Court deems just and proper.

## COUNT III
## PROFESSIONAL NEGLIGENCE
## (IN THE ALTERNATIVE)

64. Duke reasserts and incorporates by reference the allegations in Paragraphs 1 through 44 as set forth fully herein.

65. Pursuant to the Contract, Premier agreed to provide design and engineering services to Duke.

66. Pursuant to these services, Premier owed a duty to exercise reasonable professional care in designing, engineering, constructing, and/or supervising the construction of the Access Bridges and the 980 High Street Building in accordance with all approved plans, applicable specifications, reasonable commercial standards in Premier's respective professional industry for the construction of access bridges and warehouses, and all applicable state and local building codes, regulations, and ordinances.

67. Premier owed a duty to exercise reasonable professional care in hiring and supervising the contractors and subcontractors working on the design, engineering, and

construction of the Access Bridges and the 980 High Street Building to ensure that all work was done in accordance with approved plans, applicable specifications, reasonable commercial standards in Premier's respective professional industry for the construction of access bridges and warehouses, and all applicable state and local building codes, regulations, and ordinances.

68. Premier breached its duty of reasonable professional care.

69. Duke has been damaged as a direct and proximate result of the above-described breaches by Premier of its duty of reasonable professional care.

70. As a direct and proximate result of the foregoing breaches of the duty of reasonable professional care owed to Duke by Premier, Duke has suffered, and will continue to suffer, severe, direct, and consequential damages.

WHEREFORE, as to Count III, Duke respectfully requests that the Court enter judgment in its favor and against Premier as follows: (1) compensatory damages; (2) consequential and incidental damages; (3) interest, costs, and fees; (4) reasonable attorneys' fees incurred; and (5) any other or further relief the Court deems just and proper.

Based on the foregoing, Duke respectfully requests the Court enter judgment in its favor and against Defendants.

Dated: May 1, 2023                    Respectfully submitted,

**DUKE REALTY ePORT URBAN RENEWAL LLC**

By: _____*/s/ Abram I. Moore*_____

Abram I. Moore
Marvis A. Barnes II
K&L GATES LLP

FILED DATE: 5/1/2023 6:56 PM 2023L004533

                                                70 W. Madison Street, Suite 3300
                                                Chicago, Illinois 60602
                                                Telephone: (312) 372-1121
                                                Firm I.D. No. 45515
                                                abe.moore@klgates.com
                                                marvis.barnes@klgates.com

                                                *Attorneys for Plaintiff Duke Realty*
                                                *ePort Urban Renewal LLC*

FILED DATE: 5/1/2023 6:56 PM 2023L004533

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury as to all issues in accordance with the Rules of the Court.

Dated: May 1, 2023

Respectfully submitted,

**DUKE REALTY ePORT URBAN RENEWAL LLC**

By:     */s/ Abram I. Moore*

Abram I. Moore
Marvis A. Barnes II
K&L GATES LLP
70 W. Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Firm I.D. No. 45515
abe.moore@klgates.com
marvis.barnes@klgates.com

*Attorneys for Plaintiff Duke Realty ePort Urban Renewal LLC*

14