# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY, | |
| Plaintiffs, | No. 1:23-cv-04098 |
| vs. | Honorable Sara L. Ellis |
| PREMIER DESIGN + BUILD GROUP, LLC, PREMIER DESIGN + BUILD NATIONAL, LLC, *et al.*, | Magistrate Judge Young B. Kim |
| Defendants. | |

### PLAINTIFFS AMERISURE INSURANCE COMPANY AND AMERISURE MUTUAL INSURANCE COMPANY'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

NOW COME Plaintiffs, Amerisure Insurance Company and Amerisure Mutual Insurance Company (collectively "Amerisure"), by and through their attorneys of record, and for their Unopposed Motion for Leave to File a Second Amended Complaint for Declaratory Judgment state as follows:

1. On June 26, 2023, Amerisure filed this Action against Premier Design & Build Group, LLC, Premier Design & Build National, LLC (collectively "Premier Design") and Duke Realty ePort Urban Renewal, LLC ("Duke Realty") seeking a declaration as to the rights and obligations of the parties under Commercial General Liability and Umbrella Liability insurance policies issued by Amerisure to Premier Design with respect to an underlying construction defect case filed against Premier Design in the Circuit Court of Cook County, Illinois, Law Division, captioned *Duke Realty ePort Urban Renewal LLC v. Premier Design + Building National, LLC,*

*et al.*, Case No.: 2023L004533 ("Underlying Illinois Action").

2. In the original Complaint filed in this Action, Amerisure alleged that no duty to defend or indemnify is owed to Premier Design under the Amerisure policies in connection with the claims alleged against Premier Design in the Underlying Action. Amerisure named Duke Realty as a defendant in the original action as it was a necessary party. Pursuant to stipulation of the parties, the Court dismissed Duke Realty from this case without prejudice on November 13, 2023 [D.E. 27].

3. On October 3, 2023, Premier Design answered Amerisure's original Complaint and filed a Counterclaim against Amerisure [D.E. 16].

4. On October 24, 2023, Amerisure answered Premier Design's Counterclaim [D.E. 24].

5. Amerisure subsequently agreed to a defense of Premier Design in the Underlying Illinois Action and discovered the identity of several insurers of several subcontractors of Premier Design at the construction project which is at issue in the Underlying Illinois Action, and that three of those subcontractors have agreed to defend Premier Design.

6. On April 1, 2024, Amerisure filed a Motion for leave to amend the Complaint to add ten insurers of several of Premier Design's subcontractors to allege that they owe Premier Design a defense in the Underlying Illinois Action, to determine the priority of coverage amongst Amerisure and all subcontractor insurers that owe Premier Design a defense, and whether Amerisure is entitled to reimbursement from subcontractor insurers that owe Premier Design a defense of amounts it has spent towards the defense of Premier Design in the Underlying Illinois Action [D.E. 29].

7. On April 8, 2024, the Court granted Amerisure's Motion for leave to file the

Amended Complaint [D.E. 31], and the Amended Complaint was filed on April 9, 2024 [D.E. 32], with Answers, Counterclaims and Crossclaims filed in response.

8. Amerisure has recently discovered three additional insurers of Premier Design subcontractors, and desires to allege that they owe Premier Design a defense in the Underlying Illinois Action, and to include a lawsuit filed for the Project at issue in the Underlying Action titled *Duke Realty ePort Urban Renewal LLC v. Viridian Partners, LLC, et al.*, Case No. MID-L-001767-23 in the Superior Court of New Jersey, Middlesex County ("Underlying New Jersey Action") for which Amerisure is defending Premier Design, to allege that the Defendants owe Premier Design a defense in the Underlying New Jersey Action, and to determine the priority of coverage amongst Amerisure and all subcontractor insurers that owe Premier Design a defense as to the Underlying Illinois Action and the Underlying New Jersey Action, and whether Amerisure is entitled to reimbursement from subcontractor insurers that owe Premier Design a defense of amounts it has spent towards the defense of Premier Design in the Underlying Action and the Underlying New Jersey Action.

9. This is Amerisure's second request to amend its pleading and no party will be prejudiced by this request.

10. Pursuant to Fed. R. Civ. Pro. 15, a party may amend a pleading only by leave of the court after a response has been filed to the original pleading, which as mentioned above has occurred, and leave shall be freely given when justice so requires. *See Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F. 3d 682, 687 (7th Cir. 2004) (recognizing that courts should freely grant leave to amend a complaint); *Luckett v. Conlan,* 561 F. Sup. 2d 970, 973 (N.D. Ill. 2008) (stating that leave to amend a complaint should be freely given absent undue delay or undue prejudice to the opposing party).

11. Amerisure maintains that there is good cause to grant leave to file its Second Amended Complaint in this matter. Amerisure's proposed Second Amended Complaint (without exhibits) is attached as **Exhibit "A"** to this motion.

## Meet and Confer Conference

Pursuant to the Court's Motion Practice Case Procedure, paralegal for counsel for Amerisure, Gerylann Abramonte of Emerson & Elder, P.C., reached out to all counsel of record via email and telephone and in some cases via a voicemail message to counsel for all parties on January 6, 13 and 17, 2025 requesting if each Defendant opposes the instant Motion. In different email and telephone communications, counsel for all Defendants have informed counsel for Amerisure that they do not oppose the relief sought in the instant Motion.

**WHEREFORE,** Plaintiffs, Amerisure Insurance Company and Amerisure Mutual Insurance Company, respectfully request that this Honorable Court enter an order granting this Motion, and allow Amerisure to file its Second Amended Complaint as of the date of the order, and grant all further relief this Court deems just and proper.

Respectfully submitted,

/s/ *Donald E. Elder*

Donald E. Elder
Illinois State Bar No. 6255889
Brett L. Warning
Illinois State Bar No. 6199057
Emerson & Elder, P.C.
53 West Jackson Blvd.
Suite 526
Chicago, IL 60604
Tel: (312) 519-8975
Fax: (312) 265-1603
Email: dee@emersonelder.com
Email: brett@emersonelder.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 20, 2025, a true and correct copy of the foregoing document has been furnished electronically to all counsel of record via the Court's CM/ECF system.

      /s/ *Donald E. Elder*

      Donald E. Elder (IL ARDC #6255889)
      Emerson & Elder, P.C.
      53 West Jackson Boulevard, Suite 526
      Chicago, Illinois 60604
      Telephone: (312) 520-2502
      Facsimile: (312) 265-1603
      E-mail: dee@emersonelder.com
      *Attorney for Plaintiffs/Counter-Defendants*
      *Amerisure Insurance Company and*
      *Amerisure Mutual Insurance Company*