# EXHIBIT 3

Lisa Olshen Adelsohn, Esq. Attorney ID # 021281991
**MILBER MAKRIS PLOUSADIS
 & SEIDEN, LLP**
75 Livingston Avenue, Suite 103
Roseland, New Jersey 07068
(201) 433-0778
*Attorneys for Defendant
Solis Engineering Services, Inc.
d/b/a SESI Consulting Engineers*
File No.: 0625NJ-22828

| | |
|---|---|
| DUKE REALTY EPORT URBAN RENEWAL LLC<br>　　　　Plaintiff<br>v.<br><br>VIRIDIAN PARTNERS, LLC; NASDI LLC; MORETRENCH AMERICAN CORPORATION; SHIPPEE ENGINEERING, INC.; THINK PAVERS; MENLO ENGINEERING ASSOCIATES, INC.; SESI CONSULTING ENGINEERS; TERRA CONTRACTING SERVICES, LLC; FRM CONSTRUCTION SERVICES; JERSEY ESSAY LABS; JOHN DOE ARCHITECTS 1-10; JOHN DOE ENGINEERS 1-10; ABC PROFESSIONAL CORPS. 1-10; JOHN DOE CONTRACTORS 1-10; and ABC CONTRACTOR CORPS. 1-10;<br><br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY: LAW DIVISION<br><br>DOCKET NO.: MID-L-1767-23<br><br>Civil Action<br><br>**ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, CROSSCLAIMS, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND AND <u>THIRD-PARTY COMPLAINT</u>** |
| THINK PAVERS,<br>　　　　Third-Party Plaintiff,<br>v.<br><br>TERRA CONTRACTING SERVICES, LLC,<br><br>　　　　Third-Party Defendant. | |

| | |
|---|---|
| SHIPEE ENGINEERING, INC.; | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| SOILS ENGINEERING SERVICES, INC. d/b/a SESI CONSULTING ENGINEERS | |
| Third-Party Defendant | |
| SOILS ENGINEERING SERVICES, INC. d/b/a SESI CONSULTING ENGINEERS | |
| Defendant/Third-Party Plaintiff | |
| v. | |
| BRIDGE PERTH AMBOY, LLC and PREMIER DESIGN + BUILD GROUP, LLC | |

Defendant, Solis Engineering Services, Inc., d/b/a SESI Consulting Engineers (hereinafter "SESI"), by and through its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its Answer to Plaintiff, Duke Realty ePort Urban Renewal, LLC's Amended Complaint (the "Complaint"), upon information and belief, states, as follows:

1. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph but to the extent that the paragraph makes allegations as against SESI, SESI denies the allegations as to it.

2. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of the allegations of this paragraph.

3.  SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

## THE PARTIES

4.  SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

5.  SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

6.  SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

7.  SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

8.  SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

9.  SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

10. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

11. SESI admits that it is located at 959 Route 46E, Third Floor, Parsippany, New Jersey 07054 and that SESI is an Engineering Firm that provided specified engineering services with relation to the Access Bridge. SESI denies the remainder of allegations of this paragraph.

12. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

13. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

14. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

15. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

16. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

**JURISDICTION AND VENUE**

17. SESI admits the allegations of this paragraph.

18. SESI admits the allegations of this paragraph.

**FACTUAL BACKGROUNG**

**The Property**

19. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

20. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

21. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

22. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

23. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

24. SESI denies the allegations of this paragraph.

25. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

26. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

**Construction of the Access Bridge**

27. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

28. SESI admits that SESI was retained by Viridian/VPGS LLC and then by Bridge Perth Amboy LLC to perform specified engineering services. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

29. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

30. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

31. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

32. SESI admits that it provided specified geo-technical engineering services as set forth in its contracts. SESI denies the remainder of the allegations of this paragraph.

33. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

34. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

35. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

36. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

37. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

38. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

39. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

40. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

41. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

**Failure of the Access Bridge**

42. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

43. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

44. SESI denies the contents of this paragraph as it applies to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

45. SESI denies the contents of this paragraph as it applies to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

46. SESI denies the contents of this paragraph as it applies to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

47. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

48. SESI denies the allegations of this paragraph as to it.

## FIRST COUNT
### Breach of Contract

49. SESI repeats and realleges its answers to paragraphs 1-48 above, as though set forth more fully at length herein.

50. SESI denies that it entered into contracts with Duke as to the access roads. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

51. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

52. SESI admits the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

53. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

54. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

55. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

## SECOND COUNT
### Negligence

56. SESI repeats and realleges its answers to paragraphs 1-55 above, as though set forth more fully at length herein.

57. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

58. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

59. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

60. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

61. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

62. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

### THIRD COUNT
### Professional Negligence

63. SESI repeats and realleges its answers to paragraphs 1-62 above, as though set forth more fully at length herein.

64. SESI denies sufficient knowledge or information so as to form a belief as to of allegations of this paragraph.

65. SESI denies sufficient knowledge or information so as to form a belief as to of allegations of this paragraph.

66. SESI denies sufficient knowledge or information so as to form a belief as to of allegations of this paragraph.

67. SESI admits that it agreed to perform the services set forth in its accepted proposal(s) in accordance with the applicable standard of care of the engineering community at the time and location in which the services were being performed. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

68. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

69. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

70. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES

The Complaint fails to state a legal cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSES

At the time and place mentioned in the Complaint, SESI did not violate any legal duty owing to Plaintiff or any other party or non-party to this litigation.

### THIRD AFFIRMATIVE DEFENSES

The Complaint is barred by collateral or equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSES

The allegations of the Complaint are barred by the absence of privity and/or reliance.

### FIFTH AFFIRMATIVE DEFENSES

The claims asserted in the Complaint are barred, or in the alternative, the damages to which Plaintiff is entitled must be reduced under the doctrine of comparative negligence N.J.S.A. §2A:15-5.1 et. seq.

### SIXTH AFFIRMATIVE DEFENSES

If SESI is found to be liable for the acts alleged in the Complaint, such liability is limited to the percentage of the award directly attributable to SESI's negligence. N.J.S.A. §2A:22A-1, et. seq.

### SEVENTH AFFIRMATIVE DEFENSES

The claims asserted in the Complaint were solely and proximately caused by the negligence of entities over which SESI had no direction or control.

## EIGHTH AFFIRMATIVE DEFENSES

The damages alleged were the result of unforeseen, intervening, or superseding acts of others independent of SESI's acts which bars the asserted causes of action.

## NINTH AFFIRMATIVE DEFENSES

The damages, if any, incurred by the Plaintiff have been caused by its own actions or inaction, or the actions or inaction of their agents and, therefore, Plaintiff's claims are barred and/or limited by its comparative fault.

## TENTH AFFIRMATIVE DEFENSES

Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSES

At all relevant times, SESI acted in good faith and complied with the professional duties of care and skill under the conventions or standards applicable to professional engineers.

## TWELFTH AFFIRMATIVE DEFENSES

The Complaint is barred because SESI were not the proximate or actual cause of the damages claimed by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSES

The claims asserted in the Complaint are barred by the Entire Controversy Doctrine, R. 4:30A.

## FOURTEENTH AFFIRMATIVE DEFENSES

The Complaint is or may be subject to dismissal pursuant to N.J.S.A. 2A:53A-26, et seq. for failure to comply with the Affidavit of Merit Statute.

### FIFTEENTH AFFIRMATIVE DEFENSES

The Complaint is barred by the applicable Statute of Limitations.

### SIXTEENTH AFFIRMATIVE DEFENSES

SESI denies that it was negligent, breached any duty allegedly owed Plaintiff, or that it deviated from any accepted standard applicable to it.

### SEVENTEENTH AFFIRMATIVE DEFENSES

Plaintiff has failed to mitigate, minimize, or avoid their alleged damages by the doctrine of avoidable consequences.

### EIGHTEENTH AFFIRMATIVE DEFENSES

Plaintiff's Complaint should be dismissed because Plaintiff has spoliated evidence.

### NINETEENTH AFFIRMATIVE DEFENSES

Upon successful conclusion of this matter, SESI will seek all costs, including legal fees pursuant to the Frivolous Lawsuit Statute, (N.J.S.A. 2A:15-59.1), and/or N.J. Court Rule 1:4-8 "Frivolous Litigation".

### TWENTIETH AFFIRMATIVE DEFENSES

SESI reserves the right to amend their affirmative defenses in response to the Complaint as discovery continues.

### TWENTY-FIRST AFFIRMATIVE DEFENSES

Recovery is barred in this action by principles of waiver.

### TWENTY-SECOND AFFIRMATIVE DEFENSES

Plaintiff's Complaint is barred by the Doctrine of Laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSES

Plaintiff's Complaint should be dismissed based upon Plaintiff's failure to join a necessary and/or indispensable party(ies) without whom the action cannot proceed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSES

Plaintiff's Complaint is barred by the terms of SESI's contracts.

## TWENTY-FIFTH AFFIRMATIVE DEFENSES

Plaintiff's Complaint should be barred as it either knew of the alleged conditions when purchasing the property or did not perform its due diligence prior to purchase.

## TWENTY-SIXTH AFFIRMATIVE DEFENSES

SESI hereby expressly incorporates by reference each and every applicable and relevant separate defense contained in the answers of any and all other Defendants who are joined in or may later be joined in this action.

## CROSSCLAIM FOR CONTRIBUTION

SESI demands contribution from the Defendants/ Third-Party Plaintiff, and any of the Co-defendants named or hereinafter named under the terms of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A.2A: 53A-1 at seq. of the New Jersey Comparative Negligent Act, N.J.S.A .2A: 15-5.1 at seq., and The New Jersey Tort Claims Act, N.J.S.A.59: A-1 at seq.

## CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

SESI demands contractual indemnification from and against all Co-Defendants and Third-Party Defendants both express and implied, in accordance with the parties' contractual obligations and to the fullest extent permitted by law.

13

## CROSSCLAIM FOR INDEMNIFICATION

SESI demands Indemnity from the Defendants/Third-Party Plaintiff and the Co-defendants named or hereinafter named, both contractually and at common law.

## ANSWER TO CROSSCLAIMS

SESI hereby denies all allegations contained in all crossclaims filed against it herein or at a later date.

## THIRD-PARTY COMPLAINT

Defendant, SOILS ENGINEERING SERVICES, INC., d/b/a SESI CONSULTING ENGINEERS ("SESI") having its principal place of business at 959 Route 46E, Suite 300, Parsippany, New Jersey, by way of Third-Party Complaint, says:

1. Duke Realty E Port Urban Renewal, LLC (hereinafter "Duke") filed an Amended Complaint as against various entities, including SESI, alleging defects in three (3) access bridges located on the property known as 960, 980 and 1000 High Street in Perth Amboy, New Jersey. See Exhibit 1.

2. Upon information and belief, Bridge Perth Amboy, LLC purchased the Property in or about 2015.

3. Upon information and belief, Bridge Perth Amboy, LLC was the owner of the Property during the construction of the access bridge for 980 High Street, Perth Amboy, New Jersey and made decisions regarding same.

4. On or about October 5, 2015, Bridge Perth Amboy, LLC retained SESI to provide specified geotechnical engineering services at the Property.

5. Upon information and belief, during construction of the access bridge to 980 High Street, Perth Amboy, New Jersey, Bridge Perth Amboy, LLC either observed or received information related to, settlement of the Access Bridge and decided to proceed with the construction of the access bridge with the knowledge that settlement would continue that would have to be addressed through maintenance of the access bridge.

6. Upon information and belief, Premier Design + Build Group, LLC was the contractor with respect to some or all of the Access Bridges at the Property which are alleged to be experiencing construction defects.

## COUNT ONE – Contribution

7. SESI repeats and realleges the preceding allegations as if set forth at length herein.

8. While denying the allegations asserted by Plaintiff, SESI demands contribution from all Third-Party Defendants, pursuant to the applicable Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 through 5.

9. While denying the allegations asserted by Plaintiff, SESI demands contribution from all Third-Party Defendants, pursuant to the applicable Comparative Negligence Act, N.J.S.A. 2A:15-5.1.

**WHEREFORE**, SESI demands Judgment as against Third-Party Defendants for contribution, and defense for all sums of money which may be assessed as against SESI, together with interest, attorneys' fees, and costs of suit.

## COUNT TWO - Indemnification

10. SESI repeats and realleges the preceding allegations as if set forth at length herein.

11. While denying any liability to the Plaintiff for the damages and injuries alleged, should SESI be found liable to the Plaintiff by reason of any alleged condition or actions complained of SESI assert that their negligence was merely constructive, technical, imputed, or vicarious and that all injuries and/or damages arose out of the direct and primary negligence of the Third-Party Defendants.

**WHEREFORE**, SESI demands Judgment dismissing the Complaint, as to it, together with interest, attorneys' fees, and costs of suit or, in the alternative, demand Judgment as against Third-Party Defendants for indemnification, defense and contractual indemnification, for all sums of money which may be assessed as against SESI, together with interest, attorneys' fees and costs of suit.

## DEMAND FOR STATEMENT OF DAMAGES CLAIMED

SESI demands that, within 5 days, Plaintiff provide a written statement of the amount of damages claimed in accordance with Rule 4:5-2.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Lisa O. Adelsohn, Esq. is hereby designated as trial counsel in this matter.

## DEMAND FOR TRIAL BY JURY

SESI demands a trial by jury of the issues in this action by a jury of six (6).

## DEMAND FOR DOCUMENTS REFERENCED IN PLEADINGS

Pursuant to Rule 4:18-2, we hereby request production of copies of all documents referenced in the Plaintiff's Complaint within five days of the service of this written demand.

## DEMAND FOR PRODUCTION OF DISCOVERY TO DATE

Pursuant to Rule 4:24-1(b) SESI hereby demands that all discovery exchanged to date in this action be produced within twenty days of the date hereof.

## REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)

If any co-defendants hereinafter named settle prior to trial, SESI will seek an allocation of the percentage of negligence by the fact finder against the settling Defendants. SESI will seek this allocation, whether or not it has formally filed a crossclaim against the settling Defendants. SESI will rely upon the examination and cross-examination of Plaintiff's and/or Third-Party Plaintiff's expert witness and any and all other witnesses at the time of trial in support of this allocation. You are being apprised of this, pursuant to Rule 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

## CERTIFICATIONS

I hereby certify that, pursuant to Rule 4:5-1, the subject matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no such other action or arbitration proceeding is contemplated.

I hereby further certify that there is no other party of which I am aware that should be joined in this action pursuant to Rule 4:28 or that is subject to joinder pursuant to Rule 4:29-1(b).

I hereby further certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I hereby further certify that the within pleading was electronically filed with the Bergen County Superior Court, and served, via eCourts, upon all counsel of record.

                                                          **MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**
*Attorneys for Defendant Soils Engineering Services, Inc. d/b/a SESI Consulting Engineers*

By: _____
                                                         Lisa O. Adelsohn, Esq.

Dated: October 30, 2023