# EXHIBIT 4



222 South Riverside Plaza • Suite 640 • Chicago, IL • 60606
**tel** 312-766-4450 • **fax** 312-766-4451 • wshblaw.com

Craig M. Derrig
**direct dial** 312.766.4452
**email** cderrig@wshblaw.com
**refer to** 12291.0001

February 14, 2023

<u>VIA EMAIL AND CERTIFIED MAIL</u>: anthonycuriale3@gmail.com
Anthony Curiale
GMAC Construction
54 Cassandra Lane
Swedesboro, New Jersey 08085

Landen Lambert
Selective Insurance Company
Landen.lamberth@selective.com

Re: ***In re Duke Realty v. Premier Design***
 Our Client: Premier Design + Build National, LLC
 Premier Design + Build Group, LLC
 Your Client: GMAC Construction
 Location: 980 High Street, Perth Amboy, New Jersey

Dear GMAC Construction, Mr. Curiale, and Mr. Lambert:

My law firm has been retained to represent the interests of Premier Design + Build National, LLC and Premier Design + Build Group, LLC (collectively "Premier Design") regarding a claim that has been made by Duke Realty ePort Urban Renewal ("Duke") with respect to a construction project located at 980 High Street, Perth Amboy, New Jersey ("the Property"). Duke claims that the subject property has sustained damage due to separation movement between the floor slab and exterior walls allegedly caused by excessive settlement in the southwest corner of the Property where joints are separating.

A. **The Construction Agreement, the Subcontract Agreement, and the Scope of Work.**

On or about August 18, 2015, Bridge Perth Amboy, LLC (the prior Owner of the Property) entered into a Construction Agreement with Premier Design. That Construction Agreement, along with any and all rights associated with such Agreement, was assigned to Duke Realty ePort Urban Renewal, LLC ("Duke") on or about November 22, 2017 at the time of Duke's purchase of the Property.

WOOD SMITH
HENNING & BERMAN LLP

February 14, 2023
Page 2


On or about December 8, 2015, Premier Design and GMAC Construction ("GMAC" and/or the "Subcontractor") entered into a subcontract agreement ("the Agreement"), which is attached as **Exhibit A**. GMAC was hired to provide all labor, material, equipment, transportation, and supervision in connection with footings, interior flatwork, and site work, including to furnish, deliver, and install all 8' unreinforced concrete dock pavement at truck dock areas, 8' unreinforced concrete driveways at drive-in doors, 8' unreinforced, 10'wide dolly pads at all trailer parking positions, frost-protected stoops, sidewalks, and checker plate stair piers at exterior stairs.

B.     **Duke's Allegations Giving Rise to this Claim.**

The following information pertains entirely to Duke's allegations of construction defects causing property damage: "The Property has suffered extensive damage related to separation movement between the floor slab and exterior walls, which is caused by excessive settlement in the southeast corner of the building. The wall footing settled as much as 1.8 inches from June 10, 2019 to August 10, 2022. An unknown amount of settlement occurred before settlement readings were initiated. The distress is visible on the inside of the building in the southeast corner where joints are separating, which resulted in interior damage including broken pipes, gaps in flooring, and a door separating from the wall. The cause of this is believed to be related to the fact that construction at the site began before surcharging was completed, and the remedial measures taken at the time of construction (including installation of thousands of Controlled Modulus Columns or "CMCs") were performed incorrectly or were insufficient based on the continued separation movement to date."

Furthermore, we have also been notified by Duke's counsel that they intend on making a claim for alleged settlement to the Access Bridge portion of the property to the warehouse.

C.     **Premier Design's Subcontract Agreement with GMAC.**

**GMAC shall indemnify and hold harmless Premier Design.**
Part A. of Premier Design's Subcontract with GMAC is titled "Subcontractor Agrees as Follows." Section 9 of the Subcontract states the following:

> To the fullest extent permitted by law [GMAC] assumes entire responsibility and liability for all work, supervision, labor and materials provided hereunder and in connection with the erection, construction, placement or operation of any scaffold, hoist, crane, stay, ladder, support or other mechanical contrivance in connection with such Work, whether or not involving the negligence of [GMAC]. [GMAC] shall ***indemnify and hold harmless*** [Premier Design]…Owner, Owner's consultants, and agents and employees of any of them …from and against claims, damages, losses and expenses, including, but not limited to, attorney's fees arising out of or resulting from (i) performance or non-

WOOD SMITH
HENNING & BERMAN LLP

February 14, 2023
Page 3

> performance of the Work by [GMAC] or its agents, servants, employees, sub-subcontractors or material suppliers, or anyone employed by any of them or for whose acts they may be liable (ii) breach of obligations of [GMAC] under the Contract Documents including, without limitation, defective Work or violations of or failure to comply with any safety order, rule or regulations, (iii) any and all liens, stop notices and charges of every type which may be at any time be filed or claimed against the Project, [Premier Design] or Owner as a consequence of acts or omissions of [GMAC] or its agents, servants, employees, sub-subcontractors or material suppliers, or (iv) any claim by or any act or omission of any employee of Subcontractor or its agents, servants, employees, sub-subcontractors, material suppliers, or anyone employed by any of them or for whose acts they may be liable, including without limitation, any workers' compensation claims, equal employment claims, unemployment claims, withholding claims or social security claims, or (v) any other act or omission with respect to the Work by [GMAC], sub-subcontractors, or anyone employed by any of them or anyone for whose acts they may be liable resulting in death, bodily injury, sickness, disease or injury to or destruction of property, or loss thereof.

**GMAC was to maintain General Liability Insurance.**
Section 6 of the Subcontract discusses insurance and states that GMAC was to do the following:

> To obtain, maintain and pay for all such insurance as may be required by law, the Contract Documents, and any exhibit or rider, and to furnish [Premier Design] satisfactory evidence that it has complied with this paragraph prior to commencing any portion of the Work, including providing copies of applicable policies open request; and to obtain and furnish to [Premier Design] an undertaking by the insurance company issuing each such policy that such policy will not be canceled except after at least thirty (30) days written notice to [Premier Design] of its intention to an do so. All insurance limits be issued on a primary, non-contributory basis.

Section 8 of the Subcontract further discusses insurance and states that GMAC was to do the following:

> [GMAC] shall obtain and maintain all insurance coverages as required herein or as set forth in the subcontract general conditions and shall name [Premier Design] and other parties as requested by [Premier Design] as an *additional insured* on [GMAC]'s liability coverage by way of endorsement. The insurance afforded to [Premier Design] as an additional insured on the [GMAC]'s policy(ies) is and shall be deemed and construed as primary non-contributory insurance with respect to any loss or claims. The amount of [GMAC] insurance company's liability shall not be reduced by the existence of any other insurance, [Premier Design] shall have a direct right of claim, as an additional insured, on all policies obtained by subcontractor. Proof of the additional named insured endorsement shall be tendered to [Premier Design] prior to initiating the work.

WOOD SMITH
HENNING & BERMAN LLP

February 14, 2023
Page 4

D. **Tender of Defense and Indemnity of Claim.**

It is undisputed that GMAC was responsible for all labor, material, equipment, transportation, and supervision to furnish, deliver, and install all 8' unreinforced concrete dock pavement at truck dock areas, 8' unreinforced concrete driveways at drive-in doors, 8' unreinforced, 10' wide dolly pads at all trailer parking positions, frost-protected stoops, sidewalks, and checker plate stair piers at exterior stairs. Said work is believed to have been responsible in causing or contributing to Duke's numerous allegations of construction defect resulting in property damage.

Pursuant to the Subcontract Agreement, GMAC agreed to indemnify and hold harmless Premier Design from and against all claims from liability and damages caused by GMAC's work. Pursuant to the articles and sections referenced above, as located within the parties' Subcontract, Premier Design hereby tenders its defense and indemnity (with respect to the allegations and claims made by Duke) to GMAC and its insurance carrier(s). Per this letter, we request that GMAC and/or its insurance carrier(s), provide us with copies of all primary and umbrella insurance policies in effect on the date of loss and the Certificates of Insurance.

**We request that GMAC and/or its insurance carrier(s), provide a written response to this tender of defense, indemnity, and additional insured status within 14 days (by February 28, 2023) because Premier Design continues to incur defense fees and costs in defending this claim**. Premier Design intends to seek reimbursement for all fees and costs from the date of this tender.

E. **Tolling Agreement.**

Counsel for Duke has advised that it is likely to file a formal lawsuit in the near future given the applicable statutes of limitations. Duke and Premier Design, however, are both amenable to conducting additional investigation and/or discovery, and possibly exploring a resolution of this Claim. As a result, Duke has proposed the attached Tolling Agreement that would allow the parties time to possibly partake in the aforementioned activities before litigation is commenced. **Given the deadlines, we request that GMAC return the signed Tolling Agreement within 14 days (by February 28, 2023).**

F. **Evidence Preservation.**

Please be advised that GMAC has an obligation to preserve any and all evidence related to the Project, the Agreement and the aforementioned Claims. This includes, but is not limited to, all physical and documentary evidence, emails, letters, text messages, video recordings, audio recordings, reports, photographs, contracts, studies, tests, raw data from any testing, notes,

**WOOD SMITH HENNING & BERMAN LLP**

February 14, 2023
Page 5

charts, diagrams, names and address of all contractors and employees involved with the project, and any documents that in any way reference any separation movements and surcharge with respect to the Property.

Should you have any questions or would like to discuss further, please do not hesitate to contact me directly at (312) 766-4452 or my cell phone at (815) 341-2219.

Sincerely,

**WOOD, SMITH, HENNING & BERMAN LLP**


By: */s/ Craig M. Derrig*
 Craig M. Derrig

CMD

Enclosures

27462780.1:12291-0001