# EXHIBIT 6

# Emerson & Elder, P.C.

Brett L. Warning

Attorneys at Law    www.emersonelder.com

Email: brett@emersonelder.com
Direct Dial: (773) 456-4538

May 13, 2024

*Via USP Certified Mail, Return Receipt Requested*

Anthony Curiale
GMAC Construction
54 Cassandra Lane
Swedesboro, New Jersey 08085

Landen Lamberth
Selective Insurance Company of America
PO Box 7264
London, Kentucky 40742

Colleen M. Costello
Neal R. Novak
Weber Gallagher
33 North LaSalle Street
Suite 1900
Chicago, Illinois 60602

    RE:    *Duke Realty ePort Urban Renewal LLC v. Viridian Partners, LLC, et al.*, Case No. MID-L-1767-23, Superior Court of New Jersey Law Division: Middlesex County ("Duke New Jersey Lawsuit")

| | |
|---|---|
| Claimant: | Solis Engineering Services, Inc. d/b/a SESI Consulting Engineers ("SESI") |
| Claim Number: | 2331260 |

*Tender of Lawsuit and Request for Coverage for Premier Design + Build Group, LLC*

Dear Mr. Curiale, Mr. Lamberth, Ms. Costello, and Mr. Novak:

    We represent Amerisure Insurance Company and Amerisure Mutual Insurance Company (collectively herein "Amerisure") which issued commercial general liability policies and commercial umbrella insurance policies to Premier Design + Build Group, LLC ("Premier Design"). This letter outlines the primary additional insured obligation owed to Premier Design by GMAC Construction's insurers and demands that GMAC and its insurers acknowledge their primary defense obligation to Premier Design and immediately participate in defending Premier Design in the Duke New Jersey Lawsuit. It is our understanding that, pursuant to the Standard Subcontract Agreement entered into by GMAC Construction with Premier Design, Premier Design is insured on a policy issued by Selective Insurance Company of America ("Selective") and is insured on several policies issued by Harleysville Preferred Insurance Company, Harleysville Insurance Company of New Jersey, and Harleysville Insurance Company (collectively

Mr. Anthony Curiale, Mr. Landen Lambert, Ms. Colleen M. Costello, and Mr. Neal R. Novak
May 13, 2024
Page 3

The First Count of the Amended Complaint alleges Breach of Contract. Duke Realty alleges that the Defendants breached their contracts with Duke Realty by failing to properly design and construct the bridges. Duke Realty alleges that it must analyze, design, excavate, repair and rebuild all or portions of the bridges. Duke Realty alleges that it suffered severe, direct, and consequential damages. The Second Count of the Amended Complaint alleges Negligence against several Defendants including SESI. Duke Realty alleges that SESI and other Defendants owed Duke Realty a duty of reasonable care to perform their work on the bridges. Duke Realty alleges that it has suffered severe, direct, and consequential damages. The Third Count of the Amended Complaint in the Duke New Jersey Lawsuit alleges Professional Negligence against several Defendants including SESI. SESI allegedly owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry, and all applicable state and local construction codes, regulations, and ordinances. Duke Realty alleges that SESI and the other Defendants to that Count breached their duties of reasonable professional care, and as a result Duke Realty has suffered severe, direct, and consequential damages. Each Count seeks compensatory damages, consequential and incidental damages, reasonable attorney's fees, interest, costs, and fees.

As per the allegations in the Third-Party Complaint in the Duke New Jersey Lawsuit, on or about October 5, 2015, BPA retained SESI to provide geotechnical engineering services for the three access bridges. SESI alleges that BPA either observed or received information related to settlement of the Northern bridge and decided to proceed with the construction of the bridge with the knowledge that settlement would continue that would need to be addressed through maintenance of the bridge.

SESI alleges that Premier Design was the contractor with respect to some or all of the bridges which are alleged to be experiencing construction defects. SESI's Third-Party Complaint includes two counts. Count One alleges Contribution. In this Count, SESI demands contribution, defense for all sums that may be assessed against SESI, interest, attorney's fees, and costs against Premier Design and BPA. Count Two alleges Indemnification. Count Two alleges that if SESI is found liable to Duke Realty, SESI's negligence was constructive, technical, imputed, or vicarious and that all injuries or damages arose out of the direct and primary negligence of Premier Design and BPA. SESI demands dismissal of the Complaint against it, interest, attorney's fees, and costs, or in the alternative indemnification, defense, and contractual indemnification for all sums that might be assessed against SESI, interest, attorney's fees and costs.

It is our understanding that, pursuant to the December 8, 2015 written agreement entered into by GMAC Construction with Premier Design, GMAC Construction agreed to defend, protect, and hold Premier Design harmless from all claims and losses, including legal fees, for the failure of GMAC Construction to perform in accordance with the contract documents set forth in the December 8, 2015 written agreement that it entered into with Premier Design, which includes the damage at issue in the Duke New Jersey Lawsuit. In addition, GMAC Construction agreed in the December 8, 2015 written agreement to provide additional insured general liability insurance coverage to Premier Design on a primary and non-contributory basis.

Mr. Anthony Curiale, Mr. Landen Lambert, Ms. Colleen M. Costello, and Mr. Neal R. Novak
May 13, 2024
Page 4

  Amerisure understands that GMAC Construction, Selective, and Harleysville have had notice of the Project prior to the date of this letter as, based on information and belief GMAC Construction received correspondence from Premier Design dated February 14, 2023 which informed it of the allegations in regards to the Project which is also at issue in the lawsuit filed by Duke Realty titled *Duke Realty ePort Urban Renewal, LLC v. Premier Design + Build National, LLC, et al.*, Case No. 2023 L 004533 in the Circuit Court of Cook County, Illinois ("Duke Illinois Lawsuit"). In addition, on October 26, 2023, Premier Design filed a Third-Party Complaint against GMAC Construction in the Duke Illinois Lawsuit in relation to the allegations in the Duke Illinois Complaint. In addition, Selective sent correspondence to Premier Design's counsel regarding the Duke Illinois Lawsuit, and we received correspondence from Harleysville's counsel regarding the Duke Illinois Lawsuit. Nothing herein should be construed as waiving or limiting the amount of fees, costs and expenses ("defense costs") that may be recovered from Selective, Harleysville, and any additional insurer(s) of GMAC Construction by Amerisure, who is currently defending Premier Design in the Duke New Jersey Lawsuit. Amerisure reserves all rights to seek recovery of defense costs in addition to indemnity amounts from Selective, Harleysville, and any additional insurer(s) of GMAC Construction.

  We believe that GMAC Construction, and/or Selective and Harleysville and any additional insurer(s) of GMAC Construction, owes Premier Design a duty to defend and indemnify in the Third-Party Complaint in the Duke New Jersey Lawsuit based upon the allegations of the Duke New Jersey Complaint. We request that GMAC Construction and/or Selective and Harleysville and any additional insurer(s) of GMAC Construction acknowledge the obligation to defend Premier Design, and begin defending Premier Design in the Third-Party Complaint in the Duke New Jersey Lawsuit within ten (10) days of the date of this letter. We also request that Selective and Harleysville acknowledge their obligation to reimburse Amerisure for all sums that Amerisure has paid to defend Premier Design in the Duke New Jersey Lawsuit within ten (10) days of the date of this letter. Upon such acknowledgement, and an agreement to preserve and protect any and all attaching privileges to the billing invoices, Amerisure will make arrangements to transmit such invoices for your review.

* * *

  Nothing contained herein, nor any further actions taken by Amerisure, should be construed as a waiver of any rights or defenses, whether or not provided herein, which Amerisure may possess under its policies and/or applicable law. It should be understood that any actions taken by Amerisure, its agents, representatives or attorneys, do not constitute and are not intended as a waiver of any rights or defenses available to Amerisure, and shall not bar or preclude Amerisure from asserting any claims, rights or defenses.

  All rights are reserved by Amerisure under its policies and otherwise, including, but not limited to, the rights to seek reimbursement and/or contribution of defense costs paid to defend Premier Design in the Duke New Jersey Lawsuit, which should be borne, in whole or in part, by GMAC Construction and/or Selective, Harleysville, and any additional insurer(s) of GMAC Construction.

Mr. Anthony Curiale, Mr. Landen Lambert, Ms. Colleen M. Costello, and Mr. Neal R. Novak
May 13, 2024
Page 5

    Thank you for your attention to these matters.

                            Best regards,

                            */s/ Brett L. Warning*

                            Brett L. Warning

Enclosures

cc: Donald E. Elder
dee@emersonelder.com