# EXHIBIT 5

Patrick J. Perrone (Attorney ID No. 043681987)
patrick.perrone@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiff, Duke Realty ePort Urban Renewal, LLC*

| | |
|---|---|
| DUKE REALTY EPORT URBAN RENEWAL, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>VIRIDIAN PARTNERS, LLC; NASDI LLC; MORETRENCH AMERICAN CORPORATION; SHIPPEE ENGINEERING , INC.; THINK PAVERS; MENLO ENGINEERING ASSOCIATES, INC.; SESI CONSULTING ENGINEERS; TERRA CONTRACTING SERVICES, LLC; FRM CONSTRUCTION SERVICES; JERSEY ESSAY LABS; JOHN DOE ARCHITECTS 1-10; JOHN DOE ENGINEERS 1-10; ABC PROFESSIONAL CORPS. 1-10; JOHN DOE CONTRACTORS 1-10; and ABC CONTRACTOR CORPS. 1-10;<br><br>  Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO. MID-L-1767-23<br><br>Civil Action<br><br>**AMENDED COMPLAINT** |

Plaintiff, Duke Realty ePort Urban Renewal, LLC ("Duke" or "Plaintiff"), by way of Complaint against the above-referenced Defendants (collectively "Defendants"), does hereby aver and allege as follows:

1.  Plaintiff brings this action for breach of contract, negligence, and professional negligence as a result of Defendants' failure to properly design, engineer, and construct a series of access bridges which include, but are not limited to, concrete forms, foundational supports,

1

retaining walls, and roadway approaches thereto located in Perth Amboy, New Jersey (as further described in paragraph 19 below and hereinafter referred to as the "Access Bridges").

2. Because of Defendants' failures, the Access Bridges are settling, cracking, and in various states of disrepair and diminished integrity, which negatively impinge upon Plaintiff's use of its Property (as defined in paragraph 15 below).

3. Accordingly, Duke seeks damages for the costs associated with mitigating and repairing the damage caused by Defendants' actions.

## THE PARTIES

4. Duke is a New Jersey Limited Liability Company with its principal place of business located at 1800 Wazee Street, Suite 500, Denver, Colorado 80202.

5. Upon information and belief, Viridian Partners, LLC (hereinafter "Viridian"), a Colorado entity, with a principal place of business located at 8101 East Prentice Ave, Suite 875, Greenwood Village, CO 80111, is or was in the business of real estate investment and development. Upon information and belief, Viridian was the developer or one of the developers of the Property on which the Access Bridges were built and/or provided construction and/or design and/or development services for the Access Bridges.

6. Upon information and belief, NASDI, LLC (hereinafter "NASDI"), a Delaware entity, with a principal place of business or a previous principal place of business located at 76 Pierce Street, Stoughton, MA 02072, is or was a general contractor or construction management firm with respect to the Property on which the Access Bridges were built and/or provided general contracting, supervision, oversight, site management, construction, and/or other services with regard to the development, design, and construction of the Access Bridges.

2

7. Upon information and belief, Moretrench American Corporation (hereinafter "Moretrench"), a New Jersey entity, with a principal place of business located at 11001 Fern Hill Drive, Riverview, FL, 33578, is an engineering and contracting firm that provided engineering design services, contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

8. Upon information and belief, Shippee Engineering, Inc. (hereinafter "Shippee"), a Pennsylvania entity, with a principal place of business located at 4050 Skyron Drive, Doylestown, Pennsylvania 18902, is an engineering firm that provided engineering design services, contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

9. Upon information and belief, Think Pavers (hereinafter "Think Pavers"), a New Jersey entity, with a principal place of business located at 125 Kings Highway, Mt. Royal, New Jersey 08061, is a contracting firm that provided contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development and construction of the Access Bridges.

10. Upon information and belief, Menlo Engineering Associates, Inc. (hereinafter "Menlo"), a New Jersey entity, with a principal place of business located at 261 Cleveland Avenue, Highland Park, New Jersey, 08904, is an engineering firm that provided engineering design services, contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

11. Upon information and belief, SESI Consulting Engineers (hereinafter "SESI"), a New Jersey entity, with a principal place of business located at 959 Route 46E, Third Floor, Parsippany, New Jersey 07054, is an engineering firm that provided engineering design services,

3

contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

12. Upon information and belief, Terra Contracting Services, LLC (hereinafter "Terra"), a New Jersey entity, with a principal place of business located at 5787 Stadium Drive, Kalamazoo, Michigan 49009, was a subcontractor of Think Pavers that provided contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

13. Upon information and belief, FRM Construction Services, a New Jersey corporation, with a principal place of business located at 21 Chandoga Drive, Newton, New Jersey 07860, was a subcontractor of Moretrench responsible for installing concrete pile caps and related services and/or materials with regard to the construction of the Access Bridges.

14. Upon information and belief, Jersey Essay Labs, a New Jersey corporation, with a principal place of business located at 154 Write Street, Newark, New Jersey 07114, was a subcontractor of Moretrench responsible for testing grout used in micropiles and related services with regard to the construction of the Access Bridges.

15. Upon information and belief, at all relevant times, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 (being fictitious names for defendants not yet identified), were licensed to do business in New Jersey and were the architects/engineers and architectural/engineering firms, respectively, that provided architectural, engineering, design, planning, supervisory, and/or other professional services with regard to the design and construction of the Access Bridges.

16. Upon information and belief, at all relevant times, John Doe Contractors 1-10 and ABC Contractor Corps. 1-10 (being fictitious names for defendants not yet identified), were

4

licensed to do business in New Jersey and were general contractors and/or subcontractors and contracting firms, respectively, that provided construction, installation, oversight, and related services and/or materials with regard to the construction of the Access Bridges.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this matter because the majority of the events giving rise to these claims occurred in New Jersey.

18. Venue is proper in Middlesex County because the majority of the events giving rise to these claims occurred in Middlesex County.

## FACTUAL BACKGROUND

**The Property**

19. Duke is the current owner of certain parcels constituting approximately 103 acres of real property located at 960, 980, and 1000 High Street in Perth Amboy, New Jersey, on Block 425, Lot 1.02, Block 426, Lot 3.04, and Block 428, Lots 1.01, 1.02, 1.03, and 1.05 (collectively, the "Property").

20. The Property was owned and operated by the American Smelting and Refining Company before sitting vacant for decades.

21. Viridian acquired the Property in or about 2013 and undertook extensive remediation to initiate redevelopment efforts at the site.

22. Redevelopment culminated with a plan for the construction of a warehouse campus on the Property (the "Project").

23. As part of the Project, Viridian planned the construction of three bridges to enable access to and from areas on the Property. These bridges include: (i) the Northern access bridge leading to 980 High Street, Perth Amboy, New Jersey; (ii) the Eastern access bridge leading to

5

1000 High Street, Perth Amboy, New Jersey; and (iii) the Western access bridge leading to 1000 High Street, Perth Amboy, New Jersey (collectively the "Access Bridges").

24. The Access Bridges were constructed prior to the construction of the warehouses.

25. Bridge Perth Amboy, LLC ("Bridge"), a New Jersey Limited Liability Company, purchased the Property from Viridian in or about 2015.

26. Duke purchased the Property from Bridge in or about November 2017.

**Construction of the Access Bridges**

27. Upon information and belief, Viridian entered into a contract with Menlo for preparation of the site plan drawings for the Property, which included, among other things, plans for the Access Bridges.

28. Upon information and belief, Viridian and/or Bridge entered into contracts with NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, and Jersey Essay Labs for the design and construction of the Access Bridges and all foundational support.

29. Upon information and belief, NASDI was the general contractor responsible for, among other things, overseeing the design and construction of the Access Bridges.

30. Upon information and belief, Moretrench, among other things, designed and installed the foundational support for the Access Bridges.

31. Upon information and belief, Shippee, among other things, designed portions of the Access Bridges.

32. Upon information and belief, SESI acted as a geotechnical engineer and participated in the design of the Access Bridges, including soils and support of the Access Bridges.

6

33. Upon information and belief, Think Pavers, among other things, designed and constructed the retaining walls that formed portions of the Access Bridges.

34. Upon information and belief, Menlo, among other things, inspected the proposed construction site to determine if the soil would support the Access Bridges and participated in the design of portions of the Access Bridges.

35. Upon information and belief, Terra, among other things, assisted with construction of the retaining walls that formed portions of the Access Bridges.

36. Upon information and belief, FRM Construction Services, among other things, installed concrete pile caps and otherwise assisted with installing foundational support for the Access Bridges.

37. Upon information and belief, Jersey Essay Labs, among other things, performed testing of grout used in the micropiles and otherwise assisted with installing foundational support for the Access Bridges.

38. During construction of the Access Bridges, the Defendants purported to review the design plans for the Access Bridges as well as overseeing the construction of the Access Bridges to ensure that they would perform as intended and to ensure that they were built in accordance with the plans and specifications.

39. The three-lane Northern Access Bridge ("NAB") is a concrete arch structure with asphalt roadway above. The NAB spans utility pipelines running beneath it and provides vehicle access to the warehouse located at 980 High Street, which is currently occupied by Target and used as a Distribution Center ("Target DC").

7

40. The Eastern Access Bridge ("EAB") and the Western Access Bridge ("WAB") are also concrete arch structures with asphalt roadway above. The EAB and the WAB span a drainage creek and provide vehicle access to the warehouse located at 1000 High Street.

41. Upon information and belief, Viridian and/or Bridge entered into contracts with John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe contractors 1-10, and ABC Contractor Corps., 1-10 for the design and construction of the Access Bridges as set forth herein.

**Failure of the Access Bridges**

42. The Property and the soil beneath it are comprised of numerous layers of different types of materials, including a layer of artificial fill (gravel, rock, and man-made materials) and, below that, soft, organic, silty clay.

43. The Project anticipated heavy truck and tractor-trailer traffic over the Access Bridges upon completion and occupancy of the warehouses.

44. The Access Bridges and their foundational elements were poorly planned, poorly designed, poorly constructed, and thus not sound or fit for their purposes.

45. These defects have led the NAB to suffer significant damage, including but not limited to: (i) settlement of the NAB; (ii) fractures and depressions in the asphalt roadway; (iii) cracks in the frame of the NAB; and (iv) gaps, settlement, and separation in the concrete masonry unit blocks making up the retaining walls (collectively, the "NAB defects").

46. As a result of the NAB defects, the NAB remains partially closed, thus limiting access to the Target DC. The NAB defects also pose a danger of damaging the utility pipelines than run beneath it.

8

47. The EAB and the WAB have also suffered damage, including but not limited to: (i) settlement of the EAB and WAB; (ii) cracks in the frame of the EAB and the WAB; and (iii) gaps, settlement, and separation in the concrete masonry unit blocks making up the retaining walls (collectively, the "EAB/WAB defects").

48. As a result of the foregoing defects, Plaintiff has been and will continue to be severely damaged.

## FIRST COUNT
## Breach of Contract

49. Duke repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

50. Valid and enforceable contracts exist between Duke (as assignee) and the Defendants.

51. In breach of the duties and obligations of the contracts between Plaintiff and the Defendants, Defendants failed to:

   a. Prepare sufficient plans and specifications for the design, engineering, stabilization, and construction of the Access Bridges;

   b. Provide materials sufficient for the proper construction of the Access Bridges;

   c. Properly test the soil at the locations selected for the construction of the Access Bridges to ensure that the soil conditions were properly taken into account in designing the foundational support for the Access Bridges;

   d. Properly design the foundational support for the Access Bridges; and

   e. Properly supervise the construction of the Access Bridges to ensure compliance with plans, specifications, and all applicable codes, laws, regulations, and industry standards.

9

52. In exchange for their services, Defendants were compensated pursuant to the terms of their respective contracts.

53. As a direct and proximate result of Defendants' breach of the contracts described above, the Access Bridges contained the defects described above.

54. To make the Access Bridges fit for their intended use, Plaintiff must retain additional services to analyze, design, excavate, repair, and rebuild portions or all of the Access Bridges at a total cost to be determined at trial.

55. As a direct and proximate result of the Defendants' breaches, Plaintiff has suffered, and will continue to suffer, severe, direct and consequential damages.

WHEREFORE, Plaintiff Duke Realty ePort Urban Renewal, LLC demands judgment against Defendants jointly, severally, and in the alternative, for the following relief: compensatory damages; consequential and incidental damages; reasonable attorney's fees; interest, costs, and fees; and for such other and further relief as is equitable, appropriate, and just.

## SECOND COUNT
### Negligence

56. Duke repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

57. Defendants Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, and Jersey Essay Labs owed a duty to exercise reasonable care in designing, engineering, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the construction of access bridges, and all applicable state and local building codes, regulations, and ordinances.

10

58.	John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 owed a duty to exercise reasonable care in providing architectural services, engineering design services, and supervisory services with regard to the Access Bridges in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the design and construction of access bridges, and all applicable state and local building codes, regulations, and ordinances.

59.	John Doe Contractors 1-10 and ABC Contractor Corps. 1-10 owed a duty to exercise reasonable care in supervising the construction of and/or constructing the Access Bridges in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the construction of access bridges, and all applicable state and local building codes, regulations, and ordinances.

60.	All of the aforesaid Defendants breached their duties of reasonable care.

61.	Plaintiff has been damaged as a direct and proximate result of the above-described breaches by Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, Jersey Essay Labs, John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe Contractors 1-10, and ABC Contractor Corps. 1-10, of their duties of reasonable care.

62.	As a direct and proximate result of the foregoing breaches of the duties of reasonable care owed to Plaintiff by Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, Jersey Essay Labs, John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe Contractors 1-10, and ABC Contractor Corps. 1-10, Plaintiff has suffered, and will continue to suffer, severe, direct, and consequential damages.

11

WHEREFORE, Plaintiff Duke Realty ePort Urban Renewal, LLC demands judgment against Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, Jersey Essay Labs, John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe Contractors 1-10, and ABC Contractor Corps. 1-10, jointly, severally, and in the alternative, for the following relief: compensatory damages; consequential and incidental damages; reasonable attorney's fees; interest, costs, and fees; and for such other and further relief as is equitable, appropriate, and just.

## THIRD COUNT
### Professional Negligence

63. Duke repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

64. Defendant Moretrench owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

65. Defendant Shippee owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

66. Defendant Menlo owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in

12

the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

67. Defendant SESI owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances. Defendants John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 owed a duty to exercise professional care in providing their work and services with regard to the design, engineering, supervision, oversight, and construction of the Access Bridges to ensure that all work was done in accordance with approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

68. The Defendants breached their duties of reasonable professional care.

69. Plaintiff has been damaged as a direct and proximate result of the above-described breaches by Moretrench, Shippee, Menlo, SESI, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 of their duties of reasonable professional care.

70. As a direct and proximate result of the foregoing breaches of the duties of reasonable professional care owed to Plaintiff by Moretrench, Shippee, Menlo, SESI, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10, Plaintiff has suffered, and will continue to suffer, severe, direct, and consequential damages.

WHEREFORE, Plaintiff Duke Realty ePort Urban Renewal, LLC demands judgment against Moretrench, Shippee, Menlo, SESI, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10, jointly, severally, and in the alternative, for the following relief:

13

compensatory damages; consequential and incidental damages; reasonable attorney's fees; interest, costs, and fees; and for such other and further relief as is equitable, appropriate, and just.

Dated: September 26, 2023                                  K&L GATES LLP

                                                    By:   */s/ Patrick Perrone*
                                                          Patrick J. Perrone (Attorney ID No. 043681987)
                                                          patrick.perrone@klgates.com
                                                          **K&L GATES LLP**
                                                          One Newark Center, Tenth Floor
                                                          Newark, New Jersey 07102
                                                          (973) 848-4000
                                                          *Attorneys for Plaintiff, Duke Realty*
                                                          *ePort Urban Renewal, LLC*

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, Plaintiff hereby designates Patrick J. Perrone as trial counsel in this action.

Dated: September 26, 2023                                  K&L GATES LLP

                                                    By:   */s/ Patrick Perrone*
                                                          Patrick J. Perrone (Attorney ID No. 043681987)
                                                          patrick.perrone@klgates.com
                                                          **K&L GATES LLP**
                                                          One Newark Center, Tenth Floor
                                                          Newark, New Jersey 07102
                                                          (973) 848-4000
                                                          *Attorneys for Plaintiff, Duke Realty*
                                                          *ePort Urban Renewal, LLC*

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues in accordance with the Rules of the Court.

14

Dated:  September 26, 2023                                K&L GATES LLP

                                              By:  /s/ Patrick Perrone
                                              _____
                                              Patrick J. Perrone (Attorney ID No. 043681987)
                                              patrick.perrone@klgates.com
                                              **K&L GATES LLP**
                                              One Newark Center, Tenth Floor
                                              Newark, New Jersey 07102
                                              (973) 848-4000
                                              *Attorneys for Plaintiff, Duke Realty*
                                              *ePort Urban Renewal, LLC*

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, I certify that the matter in controversy with respect to the Access Bridges is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding with respect to the Access Bridges is contemplated except as follows.  Plaintiff has filed (pursuant to a forum selection clause which Plaintiff does not admit is controlling) an action against Premier Design + Build National, LLC in Illinois for damages related to the Western and Eastern Access Bridges.  The Illinois action is entitled <u>Duke Realty ePort Urban Renewal LLC v. Premier Design + Build National LLC, et al.</u> (Case No. 2023L004533) in the Circuit Court of Cook County, Illinois.  I further certify that other than the parties set forth in this pleading, parties who have entered into tolling agreements with Plaintiff, and Premier Design + Build National, LLC (as noted above), I know of no other parties at the present time who should be joined in this action or who are subject to joinder.  However, it is anticipated that as discovery in this matter is taken, additional parties will be added to the case.

Dated:  September 26, 2023                                /s/ Patrick Perrone
                                                          _____
                                                          Patrick J. Perrone

15

**CERTIFICATION PURSUANT TO RULE 4:5-1(b)(3)**

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: September 26, 2023

_____
Patrick J. Perrone