# GROUP EXHIBIT C

Case: 1:23-cv-04008 Document #: 122-30 Filed: 07/10/26 Page 2 of 71 PageID #:50780

FILED
5/1/2023 6:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L004533
Calendar, Y
22529642

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| DUKE REALTY ePORT URBAN RENEWAL LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. **2023L004533** |
| PREMIER DESIGN + BUILD NATIONAL LLC and PREMIER DESIGN + BUILD GROUP, LLC, | ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Duke Realty ePort Urban Renewal LLC ("Duke" or "Plaintiff"), by and through its attorneys, K&L Gates LLP, brings this Complaint for breach of contract, negligence, and professional negligence against Defendants Premier Design + Build National LLC ("Premier National") and Premier Design + Build Group, LLC ("Premier Group" and collectively with Premier National, "Premier" or "Defendants"), and states as follows:

### NATURE OF THE DISPUTE

1. This is an action for breach of contract, negligence, and professional negligence arising from Premier's breach of its contractual and other obligations related to the design, engineering, and construction of warehouse buildings and access bridges owned by Duke. Due to Premier's breaches and negligence, at least one of the buildings and two access bridges have experienced excessive and deleterious settlement.

2. Duke seeks compensatory damages for costs Duke has incurred and will incur in the future to remediate the damage caused by Premier's breaches and negligence, consequential

1

and incidental damages, reasonable attorney's fees, interest and costs, and for such other relief as is equitable, appropriate, and just.

## THE PARTIES

3.    Duke is a New Jersey Limited Liability Company with its principal place of business located at 1800 Wazee Street, Suite 500, Denver, Colorado 80202.

4.    Premier National is a Delaware Limited Liability Company with its principal place of business located at 71 South Wacker Drive, Suite 2125, Chicago, Illinois 60606.

5.    Premier Group is an Illinois Limited Liability Company with its principal place of business located at 71 South Wacker Drive, Suite 2125, Chicago, Illinois 60606.

## JURISDICTION AND VENUE

6.    Pursuant to the Constitution of the State of Illinois, Art. VI, § 9, this court has original jurisdiction over this proceeding.

7.    This court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 because Duke and Premier both "consent[ed] to the exclusive jurisdiction . . . of the Circuit Court of Cook County, Illinois" for "unresolved claims, counterclaims, disputes, controversies, and other matters in question" between Duke and Premier arising out of or relating to the Contract between the parties. Ex. 1, § 23.15(b)(v).

8.    Venue is proper in this District pursuant to 735 ILCS 5/2-101 because Duke and Premier both "consent[ed] to the exclusive . . . venue . . . of the Circuit Court of Cook County, Illinois" for "unresolved claims, counterclaims, disputes, controversies, and other matters in question" between Duke and Premier arising out of or relating to the Contract between the parties. Ex. 1, § 23.15(b)(v).

## BACKGROUND FACTS

### I.    DUKE AND THE PROPERTY

2

9.      Duke is the current owner of certain parcels constituting approximately 103 acres of real property located at 960, 980, and 1000 High Street in Perth Amboy, New Jersey, on Block 425, Lot 1.02, Block 426, Lot 3.04, and Block 428, Lots 1.01, 1.02, 1.03, and 1.05 (collectively, the "Property").

10.      Duke is the successor in interest to Bridge Perth Amboy Urban Renewal, LLC, formerly known as Bridge Perth Amboy, LLC, which owned the property until on or about November 22, 2017, when Duke purchased the Property via a purchase agreement.

11.      The ground underneath the Property has numerous layers of different types of materials, including a layer of artificial fill (gravel, rock, and man-made materials) and, below that, soft, organic, silty clay.

## II.      THE PROJECT

12.      On or about August 18, 2015, Bridge Perth Amboy, LLC entered into a contract with Premier National (the "Contract") to build three warehouse buildings and at least two access bridges (the "Project") on the Property.  A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit 1.

13.      On information and belief, on or about August 18, 2015, Premier National assigned certain rights and obligations under the Contract to its affiliate, Premier Group, pursuant to a Partial Assignment of Construction Agreement ("Premier Assignment").  On information and belief, pursuant to the Premier Assignment, Premier Group entered into various subcontract agreements for design and construction of the Project.

14.      On or about November 22, 2017, Bridge Perth Amboy Urban Renewal, LLC assigned the Contract to Duke via an Assignment and Assumption of Service Agreements and

3

Intangibles (the "Duke Assignment"). A true and correct copy of the Duke Assignment is attached hereto and incorporated herein as Exhibit 2.

15. Pursuant to the terms of the Contract, Premier agreed to provide demolition, design, engineering, architectural, and construction services for the Project. Ex. 1, § 2.1-2.4.

16. Pursuant to the terms of the Contract, Premier agreed to provide competent, fully qualified personnel to perform the services. Ex. 1, § 2.10.

17. Pursuant to the terms of the Contract, Premier also agreed to perform, among other things, site work, which included: (1) mass excavation and fine grading of the site, including grading necessary to complete floor slabs, pavement areas, and green spaces; and (2) ensuring structural fill areas were compacted as recommended by a geotechnical engineer. Ex. 1 at Ex. "B".

18. Premier was advised that there were deposits of loose, uncontrolled fill materials and a compressible, organic clay stratum below the fill on the Property.

19. Premier knew that the soil stratum underlying the Property had the potential to cause damaging differential settlements under new load conditions, such as buildings and access bridges, if left untreated.

20. Upon information and belief, Premier's subcontractors advised Premier to treat the area beneath the proposed access bridges and buildings, including at 980 High Street, Perth Amboy, New Jersey, with surcharging (applying excessive vertical load or weight in excess of that associated with the long-term development conditions to accelerate consolidation) to prepare the soil to support the eventual development and construction of access bridges and warehouse buildings.

III. **The Access Bridges**

4

21.     On information and belief, Premier was involved in the design, engineering, and construction of two bridges (including foundational support for the bridges) to enable access to and from areas on the Property.  These bridges include: (i) the Eastern access bridge leading to 1000 High Street, Perth Amboy, New Jersey; and (ii) the Western access bridge leading to 1000 High Street, Perth Amboy, New Jersey (collectively the "Access Bridges").

22.     The Access Bridges were constructed prior to the construction of the warehouses.

23.     On information and belief, during construction of the Access Bridges, Premier purported to review the design plans for the Access Bridges as well as overseeing the construction of the Access Bridges to ensure that they would perform as intended and to ensure that they were built in accordance with the plans and specifications.

24.     The Eastern Access Bridge ("EAB") and the Western Access Bridge ("WAB") are concrete arch structures with asphalt roadway above.  The EAB and the WAB span a drainage creek and provide vehicle access to the warehouse located at 1000 High Street.

## IV.     Failure of the Access Bridges

25.     The Property and the soil beneath it are comprised of numerous layers of different types of materials, including a layer of artificial fill (gravel, rock, and man-made materials) and, below that, soft, organic, silty clay.

26.     The Project anticipated heavy truck and tractor-trailer traffic over the Access Bridges upon completion and occupancy of the warehouses.

27.     The Access Bridges and their foundational elements were poorly planned, poorly designed, poorly engineered, poorly constructed, and thus not sound or fit for their purposes.

28.     These defects have led the EAB and the WAB to suffer significant damage, including but not limited to: (i) settlement of the EAB and the WAB; (ii) cracks in the frame of

FILED DATE: 5/1/2023 6:56 PM     2023L004533

the EAB and the WAB; and (iii) gaps, settlement, and separation in the concrete masonry unit blocks making up the retaining walls.

29. As a result of the foregoing defects, Plaintiff has been and will continue to be severely damaged.

## V. The 980 High Street Building

30. Upon information and belief, Premier and/or its subcontractors surcharged the portion of the Property where the original footprint of the building located at 980 High Street (the "980 High Street Building") was to be built.

31. Upon information and belief, it was later decided that the footprint of the 980 High Street Building would be increased and that the additional space would be built on portions of the Property that had not been sufficiently surcharged by Premier and/or its subcontractors (the "980 High Street Building Extension").

32. Upon information and belief, Premier worked with Menard Group ("Menard") and GEI Consultants, Inc. ("GEI") to develop a system of rigid inclusions or controlled modulus columns ("CMC") to reinforce the soil beneath the 980 High Street Building Extension, to support the 980 High Street Building, and to prevent deleterious settlement of the 980 High Street Building.

## VI. EXTENSIVE DAMAGE TO THE 980 HIGH STREET BUILDING

33. On February 15, 2017, Bridge Perth Amboy, LLC entered into a lease agreement with Target Corporation ("Target") for Target to lease the 980 High Street Building.

34. In 2019, Target sent a letter to Duke informing it of cracking and potential failure of the exterior wall and foundation of the 980 High Street Building.

35. Thereafter, Duke hired engineers to monitor the 980 High Street Building and to determine whether the 980 High Street Building was experiencing deleterious settlement.

6

36. Duke's engineers monitored the 980 High Street Building over time and determined that the 980 High Street Building was experiencing unusual and deleterious settlement and that such settlement would continue if not properly abated.

37. As a result of the settlement, the 980 High Street Building sustained extensive damage related to separation and movement between the floor slab and the exterior walls.

38. The damage includes, but is not limited to: separating joints; broken pipes; gaps in flooring; doors separating from walls; settling of wall footing; and visible distress on the inside of the building.

39. The damage was caused by excessive settlement in the area of the 980 High Street Building Extension, where Premier failed to sufficiently complete surcharging prior to construction and where Premier and its subcontractors' design, engineering, construction, and installation of CMC's failed to support the 980 High Street Building Extension and failed to prevent unusual and deleterious settlement.

## VII. Remedial Measures Related to The 980 High Street Building

40. Duke's engineer proposed a remedy designed to prevent further excessive settlement of the 980 High Street Building, which included the installation of micropiles and brackets on the outside of the 980 High Street Building Extension to support the existing ground floor slab and walls.

41. Duke has taken remedial measures to abate further settlement and damage to the 980 High Street Building and to alleviate disruption to its tenant's ongoing business.

42. Duke continues to monitor the 980 High Street Building to determine whether there is any additional settlement.

7

43. As a result of the settlement related damage to the 980 High Street Building and continuing remediation, Duke has expended substantial amounts of money and sustained substantial damages.

44. Duke will continue to suffer loss and damage as remediation of the 980 High Street Building continues.

**COUNT I**
**BREACH OF CONTRACT**

45. Duke reasserts and incorporates by reference the allegations in Paragraphs 1 through 44 as set forth fully herein.

46. A valid and enforceable contract exists between Duke (as Bridge Perth Amboy Urban Renewal, LLC and Bridge Perth Amboy, LLC's assignee) and Premier. (*See* Exs. 1 and 2).

47. Pursuant to the Contract, Premier agreed to perform its work with the skill and care ordinarily exercised by qualified professionals performing the same type of services and in accordance with locally prevailing standards of practice.

48. Premier owed Duke a contractual duty to perform its work and provide its services in accordance with locally prevailing standards of practice, industry standards, professional rules, and applicable codes, rules, regulations, statutes and laws.

49. Premier owed Duke a contractual duty to perform its scope of work and provide its services in a competent, professional, workmanlike, and non-negligent manner.

50. Premier owed Duke a contractual duty to perform its scope of work and provide its services in accordance with the relevant contracts, contract documents, approved construction plans, surveys, recommendations and specifications.

51. Premier owed Duke a contractual duty to perform its scope of work and provide its services in a safe and competent manner that would address soil conditions, settlement related

8

FILED DATE: 5/1/2023 6:56 PM   2023L004533

issues, foundation related issues, and that would ensure that work and services at the Project would not result in damage to structures erected pursuant to the Contract.

52. Premier also warranted that its services would be of good quality and free of faults and defects.

53. In breach of the duties and obligations of the Contract between Plaintiff and Premier, Premier failed to:

a. Prepare sufficient plans and specifications for the design, engineering, stabilization, and construction of the Access Bridges and the 980 High Street Building;

b. Provide materials sufficient for the proper construction of the Access Bridges and the 980 High Street Building;

c. Properly test the soil at the locations selected for the construction of the Access Bridges and the 980 High Street Building to ensure that the soil conditions were properly taken into account in designing the foundational support for the Access Bridges and the 980 High Street Building;

d. Properly design the foundational support for the Access Bridges and the 980 High Street Building; and

e. Properly supervise the construction of the Access Bridges and the 980 High Street Building to ensure compliance with plans, specifications, and all applicable codes, laws, regulations, and industry standards.

54. In exchange for its services, Premier was compensated pursuant to the terms of the Contract.

55. As a direct and proximate result of Premier's breach of the Contract described above, the Access Bridges and the 980 High Street Building contained the defects described above.

9

FILED DATE: 5/1/2023 6:56 PM    2023L004533

56.    To make the 980 High Street Building fit for its intended use, Duke retained additional experts and contractors to analyze, design, and repair the 980 High Street Building at a total cost to be determined at trial.

57.    To make the Access Bridges fit for their intended use, Duke retained additional experts and contractors to analyze, design, and ultimately repair the Access Bridges at a total cost to be determined at trial.

58.    As a direct and proximate result of Premier's breaches, Duke has suffered, and will continue to suffer, severe, direct, and consequential damages.

WHEREFORE, as to Count I, Duke respectfully requests that the Court enter judgment in its favor and against Premier as follows: (1) compensatory damages; (2) consequential and incidental damages; (3) interest, costs, and fees; (4) reasonable attorneys' fees incurred; and (5) any other or further relief the Court deems just and proper.

**COUNT II**
**NEGLIGENCE**
**(IN THE ALTERNATIVE)**

59.    Duke reasserts and incorporates by reference the allegations in Paragraphs 1 through 44 as set forth  fully herein.

60.    Premier owed a duty to exercise reasonable care in designing, engineering, constructing, and/or supervising the construction of the Access Bridges and the 980 High Street Building in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the construction of access bridges and warehouses, and all applicable state and local building codes, regulations, and ordinances.

61.    Premier breached its duty of reasonable care.

62.     Duke has been damaged as a direct and proximate result of the above-described breaches by Premier of its duty of reasonable care.

63.     As a direct and proximate result of the foregoing breaches of the duty of reasonable care owed to Duke by Premier, Duke has suffered, and will continue to suffer, severe, direct, and consequential damages.

WHEREFORE, as to Count II, Duke respectfully requests that the Court enter judgment in its favor and against Premier as follows: (1) compensatory damages; (2) consequential and incidental damages; (3) interest, costs, and fees; (4) reasonable attorneys' fees incurred; and (5) any other or further relief the Court deems just and proper.

## COUNT III
## PROFESSIONAL NEGLIGENCE
## (IN THE ALTERNATIVE)

64.     Duke reasserts and incorporates by reference the allegations in Paragraphs 1 through 44 as set forth fully herein.

65.     Pursuant to the Contract, Premier agreed to provide design and engineering services to Duke.

66.     Pursuant to these services, Premier owed a duty to exercise reasonable professional care in designing, engineering, constructing, and/or supervising the construction of the Access Bridges and the 980 High Street Building in accordance with all approved plans, applicable specifications, reasonable commercial standards in Premier's respective professional industry for the construction of access bridges and warehouses, and all applicable state and local building codes, regulations, and ordinances.

67.     Premier owed a duty to exercise reasonable professional care in hiring and supervising the contractors and subcontractors working on the design, engineering, and

11

construction of the Access Bridges and the 980 High Street Building to ensure that all work was done in accordance with approved plans, applicable specifications, reasonable commercial standards in Premier's respective professional industry for the construction of access bridges and warehouses, and all applicable state and local building codes, regulations, and ordinances.

68.     Premier breached its duty of reasonable professional care.

69.     Duke has been damaged as a direct and proximate result of the above-described breaches by Premier of its duty of reasonable professional care.

70.     As a direct and proximate result of the foregoing breaches of the duty of reasonable professional care owed to Duke by Premier, Duke has suffered, and will continue to suffer, severe, direct, and consequential damages.

WHEREFORE, as to Count III, Duke respectfully requests that the Court enter judgment in its favor and against Premier as follows: (1) compensatory damages; (2) consequential and incidental damages; (3) interest, costs, and fees; (4) reasonable attorneys' fees incurred; and (5) any other or further relief the Court deems just and proper.

Based on the foregoing, Duke respectfully requests the Court enter judgment in its favor and against Defendants.

Dated: May 1, 2023                          Respectfully submitted,

                                            **DUKE REALTY ePORT**
                                            **URBAN RENEWAL LLC**


                                            By:        */s/ Abram I. Moore*


                                                Abram I. Moore
                                                Marvis A. Barnes II
                                                K&L GATES LLP

12

70 W. Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Firm I.D. No. 45515
abe.moore@klgates.com
marvis.barnes@klgates.com


*Attorneys for Plaintiff Duke Realty*
*ePort Urban Renewal LLC*

13

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues in accordance with the Rules of the

Court.

Dated: May 1, 2023                                Respectfully submitted,

                                                  **DUKE REALTY ePORT**
                                                  **URBAN RENEWAL LLC**


                                                  By: _____ */s/ Abram I. Moore*_____

                                                        Abram I. Moore
                                                        Marvis A. Barnes II
                                                        K&L GATES LLP
                                                        70 W. Madison Street, Suite 3300
                                                        Chicago, Illinois 60602
                                                        Telephone: (312) 372-1121
                                                        Firm I.D. No. 45515
                                                        abe.moore@klgates.com
                                                        marvis.barnes@klgates.com


                                                        *Attorneys for Plaintiff Duke Realty*
                                                        *ePort Urban Renewal LLC*

Patrick J. Perrone (Attorney ID No. 043681987)
patrick.perrone@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiff, Duke Realty*
*ePort Urban Renewal, LLC*

| | |
|---|---|
| DUKE REALTY EPORT URBAN RENEWAL, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>VIRIDIAN PARTNERS, LLC; NASDI LLC; MORETRENCH AMERICAN CORPORATION; SHIPPEE ENGINEERING , INC.; THINK PAVERS; MENLO ENGINEERING ASSOCIATES, INC.; SESI CONSULTING ENGINEERS; TERRA CONTRACTING SERVICES, LLC; FRM CONSTRUCTION SERVICES; JERSEY ESSAY LABS; JOHN DOE ARCHITECTS 1-10; JOHN DOE ENGINEERS 1-10; ABC PROFESSIONAL CORPS. 1-10; JOHN DOE CONTRACTORS 1-10; and ABC CONTRACTOR CORPS. 1-10;<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO. MID-L-1767-23<br><br>Civil Action<br><br>**AMENDED COMPLAINT** |

Plaintiff, Duke Realty ePort Urban Renewal, LLC ("Duke" or "Plaintiff"), by way of Complaint against the above-referenced Defendants (collectively "Defendants"), does hereby aver and allege as follows:

1.     Plaintiff brings this action for breach of contract, negligence, and professional negligence as a result of Defendants' failure to properly design, engineer, and construct a series of access bridges which include, but are not limited to, concrete forms, foundational supports,

1

retaining walls, and roadway approaches thereto located in Perth Amboy, New Jersey (as further described in paragraph 19 below and hereinafter referred to as the "Access Bridges").

2.      Because of Defendants' failures, the Access Bridges are settling, cracking, and in various states of disrepair and diminished integrity, which negatively impinge upon Plaintiff's use of its Property (as defined in paragraph 15 below).

3.      Accordingly, Duke seeks damages for the costs associated with mitigating and repairing the damage caused by Defendants' actions.

## THE PARTIES

4.      Duke is a New Jersey Limited Liability Company with its principal place of business located at 1800 Wazee Street, Suite 500, Denver, Colorado 80202.

5.      Upon information and belief, Viridian Partners, LLC (hereinafter "Viridian"), a Colorado entity, with a principal place of business located at 8101 East Prentice Ave, Suite 875, Greenwood Village, CO 80111, is or was in the business of real estate investment and development.  Upon information and belief, Viridian was the developer or one of the developers of the Property on which the Access Bridges were built and/or provided construction and/or design and/or development services for the Access Bridges.

6.      Upon information and belief, NASDI, LLC (hereinafter "NASDI"), a Delaware entity, with a principal place of business or a previous principal place of business located at 76 Pierce Street, Stoughton, MA 02072, is or was a general contractor or construction management firm with respect to the Property on which the Access Bridges were built and/or provided general contracting, supervision, oversight, site management, construction, and/or other services with regard to the development, design, and construction of the Access Bridges.

2

7.      Upon information and belief, Moretrench American Corporation (hereinafter "Moretrench"), a New Jersey entity, with a principal place of business located at 11001 Fern Hill Drive, Riverview, FL, 33578, is an engineering and contracting firm that provided engineering design services, contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

8.      Upon information and belief, Shippee Engineering, Inc. (hereinafter "Shippee"), a Pennsylvania entity, with a principal place of business located at 4050 Skyron Drive, Doylestown, Pennsylvania 18902, is an engineering firm that provided engineering design services, contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

9.      Upon information and belief, Think Pavers (hereinafter "Think Pavers"), a New Jersey entity, with a principal place of business located at 125 Kings Highway, Mt. Royal, New Jersey 08061, is a contracting firm that provided contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development and construction of the Access Bridges.

10.     Upon information and belief, Menlo Engineering Associates, Inc. (hereinafter "Menlo"), a New Jersey entity, with a principal place of business located at 261 Cleveland Avenue, Highland Park, New Jersey, 08904, is an engineering firm that provided engineering design services, contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

11.     Upon information and belief, SESI Consulting Engineers (hereinafter "SESI"), a New Jersey entity, with a principal place of business located at 959 Route 46E, Third Floor, Parsippany, New Jersey 07054, is an engineering firm that provided engineering design services,

3

contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

12. Upon information and belief, Terra Contracting Services, LLC (hereinafter "Terra"), a New Jersey entity, with a principal place of business located at 5787 Stadium Drive, Kalamazoo, Michigan 49009, was a subcontractor of Think Pavers that provided contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

13. Upon information and belief, FRM Construction Services, a New Jersey corporation, with a principal place of business located at 21 Chandoga Drive, Newton, New Jersey 07860, was a subcontractor of Moretrench responsible for installing concrete pile caps and related services and/or materials with regard to the construction of the Access Bridges.

14. Upon information and belief, Jersey Essay Labs, a New Jersey corporation, with a principal place of business located at 154 Write Street, Newark, New Jersey 07114, was a subcontractor of Moretrench responsible for testing grout used in micropiles and related services with regard to the construction of the Access Bridges.

15. Upon information and belief, at all relevant times, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 (being fictitious names for defendants not yet identified), were licensed to do business in New Jersey and were the architects/engineers and architectural/engineering firms, respectively, that provided architectural, engineering, design, planning, supervisory, and/or other professional services with regard to the design and construction of the Access Bridges.

16. Upon information and belief, at all relevant times, John Doe Contractors 1-10 and ABC Contractor Corps. 1-10 (being fictitious names for defendants not yet identified), were

4

licensed to do business in New Jersey and were general contractors and/or subcontractors and contracting firms, respectively, that provided construction, installation, oversight, and related services and/or materials with regard to the construction of the Access Bridges.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this matter because the majority of the events giving rise to these claims occurred in New Jersey.

18. Venue is proper in Middlesex County because the majority of the events giving rise to these claims occurred in Middlesex County.

## FACTUAL BACKGROUND

**The Property**

19. Duke is the current owner of certain parcels constituting approximately 103 acres of real property located at 960, 980, and 1000 High Street in Perth Amboy, New Jersey, on Block 425, Lot 1.02, Block 426, Lot 3.04, and Block 428, Lots 1.01, 1.02, 1.03, and 1.05 (collectively, the "Property").

20. The Property was owned and operated by the American Smelting and Refining Company before sitting vacant for decades.

21. Viridian acquired the Property in or about 2013 and undertook extensive remediation to initiate redevelopment efforts at the site.

22. Redevelopment culminated with a plan for the construction of a warehouse campus on the Property (the "Project").

23. As part of the Project, Viridian planned the construction of three bridges to enable access to and from areas on the Property. These bridges include: (i) the Northern access bridge leading to 980 High Street, Perth Amboy, New Jersey; (ii) the Eastern access bridge leading to

5

1000 High Street, Perth Amboy, New Jersey; and (iii) the Western access bridge leading to 1000 High Street, Perth Amboy, New Jersey (collectively the "Access Bridges").

24.     The Access Bridges were constructed prior to the construction of the warehouses.

25.     Bridge Perth Amboy, LLC ("Bridge"), a New Jersey Limited Liability Company, purchased the Property from Viridian in or about 2015.

26.     Duke purchased the Property from Bridge in or about November 2017.

**Construction of the Access Bridges**

27.     Upon information and belief, Viridian entered into a contract with Menlo for preparation of the site plan drawings for the Property, which included, among other things, plans for the Access Bridges.

28.     Upon information and belief, Viridian and/or Bridge entered into contracts with NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, and Jersey Essay Labs for the design and construction of the Access Bridges and all foundational support.

29.     Upon information and belief, NASDI was the general contractor responsible for, among other things, overseeing the design and construction of the Access Bridges.

30.     Upon information and belief, Moretrench, among other things, designed and installed the foundational support for the Access Bridges.

31.     Upon information and belief, Shippee, among other things, designed portions of the Access Bridges.

32.     Upon information and belief, SESI acted as a geotechnical engineer and participated in the design of the Access Bridges, including soils and support of the Access Bridges.

6

33.    Upon information and belief, Think Pavers, among other things, designed and constructed the retaining walls that formed portions of the Access Bridges.

34.    Upon information and belief, Menlo, among other things, inspected the proposed construction site to determine if the soil would support the Access Bridges and participated in the design of portions of the Access Bridges.

35.    Upon information and belief, Terra, among other things, assisted with construction of the retaining walls that formed portions of the Access Bridges.

36.    Upon information and belief, FRM Construction Services, among other things, installed concrete pile caps and otherwise assisted with installing foundational support for the Access Bridges.

37.    Upon information and belief, Jersey Essay Labs, among other things, performed testing of grout used in the micropiles and otherwise assisted with installing foundational support for the Access Bridges.

38.    During construction of the Access Bridges, the Defendants purported to review the design plans for the Access Bridges as well as overseeing the construction of the Access Bridges to ensure that they would perform as intended and to ensure that they were built in accordance with the plans and specifications.

39.    The three-lane Northern Access Bridge ("NAB") is a concrete arch structure with asphalt roadway above.  The NAB spans utility pipelines running beneath it and provides vehicle access to the warehouse located at 980 High Street, which is currently occupied by Target and used as a Distribution Center ("Target DC").

40. The Eastern Access Bridge ("EAB") and the Western Access Bridge ("WAB") are also concrete arch structures with asphalt roadway above. The EAB and the WAB span a drainage creek and provide vehicle access to the warehouse located at 1000 High Street.

41. Upon information and belief, Viridian and/or Bridge entered into contracts with John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe contractors 1-10, and ABC Contractor Corps., 1-10 for the design and construction of the Access Bridges as set forth herein.

**Failure of the Access Bridges**

42. The Property and the soil beneath it are comprised of numerous layers of different types of materials, including a layer of artificial fill (gravel, rock, and man-made materials) and, below that, soft, organic, silty clay.

43. The Project anticipated heavy truck and tractor-trailer traffic over the Access Bridges upon completion and occupancy of the warehouses.

44. The Access Bridges and their foundational elements were poorly planned, poorly designed, poorly constructed, and thus not sound or fit for their purposes.

45. These defects have led the NAB to suffer significant damage, including but not limited to: (i) settlement of the NAB; (ii) fractures and depressions in the asphalt roadway; (iii) cracks in the frame of the NAB; and (iv) gaps, settlement, and separation in the concrete masonry unit blocks making up the retaining walls (collectively, the "NAB defects").

46. As a result of the NAB defects, the NAB remains partially closed, thus limiting access to the Target DC. The NAB defects also pose a danger of damaging the utility pipelines than run beneath it.

47. The EAB and the WAB have also suffered damage, including but not limited to: (i) settlement of the EAB and WAB; (ii) cracks in the frame of the EAB and the WAB; and (iii) gaps, settlement, and separation in the concrete masonry unit blocks making up the retaining walls (collectively, the "EAB/WAB defects").

48. As a result of the foregoing defects, Plaintiff has been and will continue to be severely damaged.

### FIRST COUNT
### Breach of Contract

49. Duke repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

50. Valid and enforceable contracts exist between Duke (as assignee) and the Defendants.

51. In breach of the duties and obligations of the contracts between Plaintiff and the Defendants, Defendants failed to:

   a. Prepare sufficient plans and specifications for the design, engineering, stabilization, and construction of the Access Bridges;

   b. Provide materials sufficient for the proper construction of the Access Bridges;

   c. Properly test the soil at the locations selected for the construction of the Access Bridges to ensure that the soil conditions were properly taken into account in designing the foundational support for the Access Bridges;

   d. Properly design the foundational support for the Access Bridges; and

   e. Properly supervise the construction of the Access Bridges to ensure compliance with plans, specifications, and all applicable codes, laws, regulations, and industry standards.

52.     In exchange for their services, Defendants were compensated pursuant to the terms of their respective contracts.

53.     As a direct and proximate result of Defendants' breach of the contracts described above, the Access Bridges contained the defects described above.

54.     To make the Access Bridges fit for their intended use, Plaintiff must retain additional services to analyze, design, excavate, repair, and rebuild portions or all of the Access Bridges at a total cost to be determined at trial.

55.     As a direct and proximate result of the Defendants' breaches, Plaintiff has suffered, and will continue to suffer, severe, direct and consequential damages.

WHEREFORE, Plaintiff Duke Realty ePort Urban Renewal, LLC demands judgment against Defendants jointly, severally, and in the alternative, for the following relief: compensatory damages; consequential and incidental damages; reasonable attorney's fees; interest, costs, and fees; and for such other and further relief as is equitable, appropriate, and just.

**SECOND COUNT**
**Negligence**

56.     Duke repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

57.     Defendants Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, and Jersey Essay Labs owed a duty to exercise reasonable care in designing, engineering, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the construction of access bridges, and all applicable state and local building codes, regulations, and ordinances.

10

58.     John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 owed a duty to exercise reasonable care in providing architectural services, engineering design services, and supervisory services with regard to the Access Bridges in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the design and construction of access bridges, and all applicable state and local building codes, regulations, and ordinances.

59.     John Doe Contractors 1-10 and ABC Contractor Corps. 1-10 owed a duty to exercise reasonable care in supervising the construction of and/or constructing the Access Bridges in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the construction of access bridges, and all applicable state and local building codes, regulations, and ordinances.

60.     All of the aforesaid Defendants breached their duties of reasonable care.

61.     Plaintiff has been damaged as a direct and proximate result of the above-described breaches by Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, Jersey Essay Labs, John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe Contractors 1-10, and ABC Contractor Corps. 1-10, of their duties of reasonable care.

62.     As a direct and proximate result of the foregoing breaches of the duties of reasonable care owed to Plaintiff by Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, Jersey Essay Labs, John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe Contractors 1-10, and ABC Contractor Corps. 1-10, Plaintiff has suffered, and will continue to suffer, severe, direct, and consequential damages.

11

WHEREFORE, Plaintiff Duke Realty ePort Urban Renewal, LLC demands judgment against Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, Jersey Essay Labs, John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe Contractors 1-10, and ABC Contractor Corps. 1-10, jointly, severally, and in the alternative, for the following relief: compensatory damages; consequential and incidental damages; reasonable attorney's fees; interest, costs, and fees; and for such other and further relief as is equitable, appropriate, and just.

## THIRD COUNT
### Professional Negligence

63.     Duke repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

64.     Defendant Moretrench owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

65.     Defendant Shippee owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

66.     Defendant Menlo owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in

12

the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

67.     Defendant SESI owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances. Defendants John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 owed a duty to exercise professional care in providing their work and services with regard to the design, engineering, supervision, oversight, and construction of the Access Bridges to ensure that all work was done in accordance with approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

68.     The Defendants breached their duties of reasonable professional care.

69.     Plaintiff has been damaged as a direct and proximate result of the above-described breaches by Moretrench, Shippee, Menlo, SESI, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 of their duties of reasonable professional care.

70.     As a direct and proximate result of the foregoing breaches of the duties of reasonable professional care owed to Plaintiff by Moretrench, Shippee, Menlo, SESI, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10, Plaintiff has suffered, and will continue to suffer, severe, direct, and consequential damages.

WHEREFORE, Plaintiff Duke Realty ePort Urban Renewal, LLC demands judgment against Moretrench, Shippee, Menlo, SESI, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10, jointly, severally, and in the alternative, for the following relief:

13

compensatory damages; consequential and incidental damages; reasonable attorney's fees; interest, costs, and fees; and for such other and further relief as is equitable, appropriate, and just.

Dated: September 26, 2023

K&L GATES LLP

By: _____
Patrick J. Perrone (Attorney ID No. 043681987)
patrick.perrone@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiff, Duke Realty
ePort Urban Renewal, LLC*

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, Plaintiff hereby designates Patrick J. Perrone as trial counsel in this action.

Dated: September 26, 2023

K&L GATES LLP

By: _____
Patrick J. Perrone (Attorney ID No. 043681987)
patrick.perrone@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiff, Duke Realty
ePort Urban Renewal, LLC*

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues in accordance with the Rules of the Court.

14

Dated:  September 26, 2023                              **K&L GATES LLP**

By:    _Patrick Perrone_
_____

Patrick J. Perrone (Attorney ID No. 043681987)
patrick.perrone@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
_Attorneys for Plaintiff, Duke Realty_
_ePort Urban Renewal, LLC_

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, I certify that the matter in controversy with respect to the Access Bridges is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding with respect to the Access Bridges is contemplated except as follows.  Plaintiff has filed (pursuant to a forum selection clause which Plaintiff does not admit is controlling) an action against Premier Design + Build National, LLC in Illinois for damages related to the Western and Eastern Access Bridges.  The Illinois action is entitled Duke Realty ePort Urban Renewal LLC v. Premier Design + Build National LLC, et al. (Case No. 2023L004533) in the Circuit Court of Cook County, Illinois.  I further certify that other than the parties set forth in this pleading, parties who have entered into tolling agreements with Plaintiff, and Premier Design + Build National, LLC (as noted above), I know of no other parties at the present time who should be joined in this action or who are subject to joinder.  However, it is anticipated that as discovery in this matter is taken, additional parties will be added to the case.

Dated:  September 26, 2023        _Patrick Perrone_
_____

Patrick J. Perrone

15

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(3)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated:  September 26, 2023

Patrick J. Perrone

16

Lisa Olshen Adelsohn, Esq. Attorney ID # 021281991
**MILBER MAKRIS PLOUSADIS**
   **& SEIDEN, LLP**
75 Livingston Avenue, Suite 103
Roseland, New Jersey 07068
(201) 433-0778
*Attorneys for Defendant*
*Solis Engineering Services, Inc.*
*d/b/a SESI Consulting Engineers*
File No.:  0625NJ-22828

| | |
|---|---|
| DUKE REALTY EPORT URBAN RENEWAL LLC <br>         Plaintiff <br> v. <br><br> VIRIDIAN PARTNERS, LLC; NASDI LLC; MORETRENCH AMERICAN CORPORATION; SHIPPEE ENGINEERING , INC.; THINK PAVERS; MENLO ENGINEERING ASSOCIATES, INC.; SESI CONSULTING ENGINEERS; TERRA CONTRACTING SERVICES, LLC; FRM CONSTRUCTION SERVICES; JERSEY ESSAY LABS; JOHN DOE ARCHITECTS 1-10; JOHN DOE ENGINEERS 1-10; ABC PROFESSIONAL CORPS. 1-10; JOHN DOE CONTRACTORS 1-10; and ABC CONTRACTOR CORPS. 1-10; <br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY: LAW DIVISION <br><br> DOCKET NO.: MID-L-1767-23 <br><br> Civil Action <br><br><br> **ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, CROSSCLAIMS, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND AND <u>THIRD-PARTY COMPLAINT</u>** |
| THINK PAVERS, <br><br>         Third-Party Plaintiff, <br> v. <br><br> TERRA CONTRACTING <br> SERVICES, LLC, <br><br>         Third-Party Defendant. | |

SHIPEE ENGINEERING, INC.;

      Defendant/Third-Party Plaintiff,

v.

SOILS ENGINEERING SERVICES, INC. d/b/a
SESI CONSULTING ENGINEERS

      Third-Party Defendant

SOILS ENGINEERING SERVICES, INC. d/b/a
SESI CONSULTING ENGINEERS

      Defendant/Third-Party Plaintiff

v.

BRIDGE PERTH AMBOY, LLC and
PREMIER DESIGN + BUILD GROUP, LLC

---

Defendant, Solis Engineering Services, Inc., d/b/a SESI Consulting Engineers (hereinafter "SESI"), by and through its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for its Answer to Plaintiff, Duke Realty ePort Urban Renewal, LLC's Amended Complaint (the "Complaint"), upon information and belief, states, as follows:

1. SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph but to the extent that the paragraph makes allegations as against SESI, SESI denies the allegations as to it.

2. SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of the allegations of this paragraph.

2

3.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

## THE PARTIES

4.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

5.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

6.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

7.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

8.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

9.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

10.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

11.      SESI admits that it is located at 959 Route 46E, Third Floor, Parsippany, New Jersey 07054 and that SESI is an Engineering Firm that provided specified engineering services with relation to the Access Bridge. SESI denies the remainder of allegations of this paragraph.

12.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

13.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

14.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

15.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

16.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

**JURISDICTION AND VENUE**

17.     SESI admits the allegations of this paragraph.

18.     SESI admits the allegations of this paragraph.

**FACTUAL BACKGROUNG**

**The Property**

19.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

20.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

21.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

22.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

4

23.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

24.     SESI denies the allegations of this paragraph.

25.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

26.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

**Construction of the Access Bridge**

27.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

28.     SESI admits that SESI was retained by Viridian/VPGS LLC and then by Bridge Perth Amboy LLC to perform specified engineering services. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

29.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

30.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

31.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

32.     SESI admits that it provided specified geo-technical engineering services as set forth in its contracts. SESI denies the remainder of the allegations of this paragraph.

5

33.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

34.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

35.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

36.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

37.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

38.      SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

39.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

40.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

41.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

**Failure of the Access Bridge**

42.      SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

6

43.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

44.     SESI denies the contents of this paragraph as it applies to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

45.     SESI denies the contents of this paragraph as it applies to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

46.     SESI denies the contents of this paragraph as it applies to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

47.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

48.     SESI denies the allegations of this paragraph as to it.

## FIRST COUNT
## Breach of Contract

49.      SESI repeats and realleges its answers to paragraphs 1-48 above, as though set forth more fully at length herein.

50.     SESI denies that it entered into contracts with Duke as to the access roads. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

51.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

7

52.     SESI admits the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

53.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

54.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

55.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

## SECOND COUNT
### Negligence

56.     SESI repeats and realleges  its answers to paragraphs 1-55 above, as though set forth more fully at length herein.

57.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

58.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

59.     SESI denies sufficient knowledge or information so as to form a belief as to the allegations of this paragraph.

60.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

61.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

8

62.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

### THIRD COUNT
### Professional Negligence

63.     SESI repeats and realleges  its answers to paragraphs 1-62 above, as though set forth more fully at length herein.

64.     SESI denies sufficient knowledge or information so as to form a belief as to of allegations of this paragraph.

65.     SESI denies sufficient knowledge or information so as to form a belief as to of allegations of this paragraph.

66.     SESI denies sufficient knowledge or information so as to form a belief as to of allegations of this paragraph.

67.     SESI admits that it agreed to perform the services set forth in its accepted proposal(s) in accordance with the applicable standard of care of the engineering community at the time and location in which the services were being performed. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

68.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

69.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

70.     SESI denies the allegations of this paragraph as to it. SESI denies sufficient knowledge or information so as to form a belief as to the remainder of allegations of this paragraph.

9

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES

The Complaint fails to state a legal cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSES

At the time and place mentioned in the Complaint, SESI did not violate any legal duty owing to Plaintiff or any other party or non-party to this litigation.

### THIRD AFFIRMATIVE DEFENSES

The Complaint is barred by collateral or equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSES

The allegations of the Complaint are barred by the absence of privity and/or reliance.

### FIFTH AFFIRMATIVE DEFENSES

The claims asserted in the Complaint are barred, or in the alternative, the damages to which Plaintiff is entitled must be reduced under the doctrine of comparative negligence N.J.S.A. §2A:15-5.1 et. seq.

### SIXTH AFFIRMATIVE DEFENSES

If SESI is found to be liable for the acts alleged in the Complaint, such liability is limited to the percentage of the award directly attributable to SESI's negligence. N.J.S.A. §2A:22A-1, et. seq.

### SEVENTH AFFIRMATIVE DEFENSES

The claims asserted in the Complaint were solely and proximately caused by the negligence of entities over which SESI had no direction or control.

10

## EIGHTH AFFIRMATIVE DEFENSES

The damages alleged were the result of unforeseen, intervening, or superseding acts of others independent of SESI's acts which bars the asserted causes of action.

## NINTH AFFIRMATIVE DEFENSES

The damages, if any, incurred by the Plaintiff have been caused by its own actions or inaction, or the actions or inaction of their agents and, therefore, Plaintiff's claims are barred and/or limited by its comparative fault.

## TENTH AFFIRMATIVE DEFENSES

Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSES

At all relevant times, SESI acted in good faith and complied with the professional duties of care and skill under the conventions or standards applicable to professional engineers.

## TWELFTH AFFIRMATIVE DEFENSES

The Complaint is barred because SESI were not the proximate or actual cause of the damages claimed by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSES

The claims asserted in the Complaint are barred by the Entire Controversy Doctrine, R. 4:30A.

## FOURTEENTH AFFIRMATIVE DEFENSES

The Complaint is or may be subject to dismissal pursuant to N.J.S.A. 2A:53A-26, et seq. for failure to comply with the Affidavit of Merit Statute.

11

## FIFTEENTH AFFIRMATIVE DEFENSES

The Complaint is barred by the applicable Statute of Limitations.

## SIXTEENTH AFFIRMATIVE DEFENSES

SESI denies that it was negligent, breached any duty allegedly owed Plaintiff, or that it deviated from any accepted standard applicable to it.

## SEVENTEENTH AFFIRMATIVE DEFENSES

Plaintiff has failed to mitigate, minimize, or avoid their alleged damages by the doctrine of avoidable consequences.

## EIGHTEENTH AFFIRMATIVE DEFENSES

Plaintiff's Complaint should be dismissed because Plaintiff has spoliated evidence.

## NINETEENTH AFFIRMATIVE DEFENSES

Upon successful conclusion of this matter, SESI will seek all costs, including legal fees pursuant to the Frivolous Lawsuit Statute, (N.J.S.A. 2A:15-59.1), and/or N.J. Court Rule 1:4-8 "Frivolous Litigation".

## TWENTIETH AFFIRMATIVE DEFENSES

SESI reserves the right to amend their affirmative defenses in response to the Complaint as discovery continues.

## TWENTY-FIRST AFFIRMATIVE DEFENSES

Recovery is barred in this action by principles of waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSES

Plaintiff's Complaint is barred by the Doctrine of Laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSES

Plaintiff's Complaint should be dismissed based upon Plaintiff's failure to join a necessary and/or indispensable party(ies) without whom the action cannot proceed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSES

Plaintiff's Complaint is barred by the terms of SESI's contracts.

## TWENTY-FIFTH AFFIRMATIVE DEFENSES

Plaintiff's Complaint should be barred as it either knew of the alleged conditions when purchasing the property or did not perform its due diligence prior to purchase.

## TWENTY-SIXTH AFFIRMATIVE DEFENSES

SESI hereby expressly incorporates by reference each and every applicable and relevant separate defense contained in the answers of any and all other Defendants who are joined in or may later be joined in this action.

## CROSSCLAIM FOR CONTRIBUTION

SESI demands contribution from the Defendants/ Third-Party Plaintiff, and any of the Co-defendants named or hereinafter named under the terms of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A.2A: 53A-1 at seq. of the New Jersey Comparative Negligent Act, N.J.S.A .2A: 15-5.1 at seq., and The New Jersey Tort Claims Act, N.J.S.A.59: A-1 at seq.

## CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

SESI demands contractual indemnification from and against all Co-Defendants and Third-Party Defendants both express and implied, in accordance with the parties' contractual obligations and to the fullest extent permitted by law.

13

## CROSSCLAIM FOR INDEMNIFICATION

SESI demands Indemnity from the Defendants/Third-Party Plaintiff and the Co-defendants named or hereinafter named, both contractually and at common law.

## ANSWER TO CROSSCLAIMS

SESI hereby denies all allegations contained in all crossclaims filed against it herein or at a later date.

## THIRD-PARTY COMPLAINT

Defendant, SOILS ENGINEERING SERVICES, INC., d/b/a SESI CONSULTING ENGINEERS ("SESI") having its principal place of business at 959 Route 46E, Suite 300, Parsippany, New Jersey, by way of Third-Party Complaint, says:

1. Duke Realty E Port Urban Renewal, LLC (hereinafter "Duke") filed an Amended Complaint as against various entities, including SESI, alleging defects in three (3) access bridges located on the property known as 960, 980 and 1000 High Street in Perth Amboy, New Jersey. See Exhibit 1.

2. Upon information and belief, Bridge Perth Amboy, LLC purchased the Property in or about 2015.

3. Upon information and belief, Bridge Perth Amboy, LLC was the owner of the Property during the construction of the access bridge for 980 High Street, Perth Amboy, New Jersey and made decisions regarding same.

4. On or about October 5, 2015, Bridge Perth Amboy, LLC retained SESI to provide specified geotechnical engineering services at the Property.

14

5.      Upon information and belief, during construction of the access bridge to 980 High Street, Perth Amboy, New Jersey, Bridge Perth Amboy, LLC either observed or received information related to, settlement of the Access Bridge and decided to proceed with the construction of the access bridge with the knowledge that settlement would continue that would have to be addressed through maintenance of the access bridge.

6.      Upon information and belief, Premier Design + Build Group, LLC was the contractor with respect to some or all of the Access Bridges at the Property which are alleged to be experiencing construction defects.

### COUNT ONE – Contribution

7.      SESI repeats and realleges the preceding allegations as if set forth at length herein.

8.      While denying the allegations asserted by Plaintiff, SESI demands contribution from all Third-Party Defendants, pursuant to the applicable Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 through 5.

9.      While denying the allegations asserted by Plaintiff, SESI demands contribution from all Third-Party Defendants, pursuant to the applicable Comparative Negligence Act, N.J.S.A. 2A:15-5.1.

**WHEREFORE**, SESI demands Judgment as against Third-Party Defendants for contribution, and defense for all sums of money which may be assessed as against SESI, together with interest, attorneys' fees, and costs of suit.

## COUNT TWO - Indemnification

10.     SESI repeats and realleges the preceding allegations as if set forth at length herein.

11.     While denying any liability to the Plaintiff for the damages and injuries alleged, should SESI be found liable to the Plaintiff by reason of any alleged condition or actions complained of SESI assert that their negligence was merely constructive, technical, imputed, or vicarious and that all injuries and/or damages arose out of the direct and primary negligence of the Third-Party Defendants.

**WHEREFORE**, SESI demands Judgment dismissing the Complaint, as to it, together with interest, attorneys' fees, and costs of suit or, in the alternative, demand Judgment as against Third-Party Defendants for indemnification, defense and contractual indemnification, for all sums of money which may be assessed as against SESI, together with interest, attorneys' fees and costs of suit.

### DEMAND FOR STATEMENT OF DAMAGES CLAIMED

SESI demands that, within 5 days, Plaintiff provide a written statement of the amount of damages claimed in accordance with Rule 4:5-2.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Lisa O. Adelsohn, Esq. is hereby designated as trial counsel in this matter.

### DEMAND FOR TRIAL BY JURY

SESI demands a trial by jury of the issues in this action by a jury of six (6).

### DEMAND FOR DOCUMENTS REFERENCED IN PLEADINGS

Pursuant to Rule 4:18-2, we hereby request production of copies of all documents referenced in the Plaintiff's Complaint within five days of the service of this written demand.

**DEMAND FOR PRODUCTION OF DISCOVERY TO DATE**

Pursuant to Rule 4:24-1(b) SESI hereby demands that all discovery exchanged to date in this action be produced within twenty days of the date hereof.

**REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)**

If any co-defendants hereinafter named settle prior to trial, SESI will seek an allocation of the percentage of negligence by the fact finder against the settling Defendants. SESI will seek this allocation, whether or not it has formally filed a crossclaim against the settling Defendants. SESI will rely upon the examination and cross-examination of Plaintiff's and/or Third-Party Plaintiff's expert witness and any and all other witnesses at the time of trial in support of this allocation. You are being apprised of this, pursuant to Rule 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

17

Case: 1:23-cv-04098 Document #: 262-3 Filed: 07/10/26 Page 49 of 71 PageID #:50827

## CERTIFICATIONS

I hereby certify that, pursuant to Rule 4:5-1, the subject matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no such other action or arbitration proceeding is contemplated.

I hereby further certify that there is no other party of which I am aware that should be joined in this action pursuant to Rule 4:28 or that is subject to joinder pursuant to Rule 4:29-1(b).

I hereby further certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I hereby further certify that the within pleading was electronically filed with the Bergen County Superior Court, and served, via eCourts, upon all counsel of record.

**MILBER MAKRIS PLOUSADIS**
  **& SEIDEN, LLP**
*Attorneys for Defendant Soils Engineering*
*Services, Inc. d/b/a  SESI Consulting Engineers*

By: _____
             Lisa O. Adelsohn, Esq.

Dated: October 30, 2023

18

# EXHIBIT 1

Patrick J. Perrone (Attorney ID No. 043681987)
patrick.perrone@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiff, Duke Realty*
*ePort Urban Renewal, LLC*

|  |  |
|---|---|
| DUKE REALTY EPORT URBAN RENEWAL, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>VIRIDIAN PARTNERS, LLC; NASDI LLC; MORETRENCH AMERICAN CORPORATION; SHIPPEE ENGINEERING , INC.; THINK PAVERS; MENLO ENGINEERING ASSOCIATES, INC.; SESI CONSULTING ENGINEERS; TERRA CONTRACTING SERVICES, LLC; FRM CONSTRUCTION SERVICES; JERSEY ESSAY LABS; JOHN DOE ARCHITECTS 1-10; JOHN DOE ENGINEERS 1-10; ABC PROFESSIONAL CORPS. 1-10; JOHN DOE CONTRACTORS 1-10; and ABC CONTRACTOR CORPS. 1-10;<br><br>　　　Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO. MID-L-1767-23<br><br>Civil Action<br><br>**AMENDED COMPLAINT** |

Plaintiff, Duke Realty ePort Urban Renewal, LLC ("Duke" or "Plaintiff"), by way of Complaint against the above-referenced Defendants (collectively "Defendants"), does hereby aver and allege as follows:

1.　　Plaintiff brings this action for breach of contract, negligence, and professional negligence as a result of Defendants' failure to properly design, engineer, and construct a series of access bridges which include, but are not limited to, concrete forms, foundational supports,

1

retaining walls, and roadway approaches thereto located in Perth Amboy, New Jersey (as further described in paragraph 19 below and hereinafter referred to as the "Access Bridges").

2. Because of Defendants' failures, the Access Bridges are settling, cracking, and in various states of disrepair and diminished integrity, which negatively impinge upon Plaintiff's use of its Property (as defined in paragraph 15 below).

3. Accordingly, Duke seeks damages for the costs associated with mitigating and repairing the damage caused by Defendants' actions.

## THE PARTIES

4. Duke is a New Jersey Limited Liability Company with its principal place of business located at 1800 Wazee Street, Suite 500, Denver, Colorado 80202.

5. Upon information and belief, Viridian Partners, LLC (hereinafter "Viridian"), a Colorado entity, with a principal place of business located at 8101 East Prentice Ave, Suite 875, Greenwood Village, CO 80111, is or was in the business of real estate investment and development. Upon information and belief, Viridian was the developer or one of the developers of the Property on which the Access Bridges were built and/or provided construction and/or design and/or development services for the Access Bridges.

6. Upon information and belief, NASDI, LLC (hereinafter "NASDI"), a Delaware entity, with a principal place of business or a previous principal place of business located at 76 Pierce Street, Stoughton, MA 02072, is or was a general contractor or construction management firm with respect to the Property on which the Access Bridges were built and/or provided general contracting, supervision, oversight, site management, construction, and/or other services with regard to the development, design, and construction of the Access Bridges.

2

7. Upon information and belief, Moretrench American Corporation (hereinafter "Moretrench"), a New Jersey entity, with a principal place of business located at 11001 Fern Hill Drive, Riverview, FL, 33578, is an engineering and contracting firm that provided engineering design services, contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

8. Upon information and belief, Shippee Engineering, Inc. (hereinafter "Shippee"), a Pennsylvania entity, with a principal place of business located at 4050 Skyron Drive, Doylestown, Pennsylvania 18902, is an engineering firm that provided engineering design services, contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

9. Upon information and belief, Think Pavers (hereinafter "Think Pavers"), a New Jersey entity, with a principal place of business located at 125 Kings Highway, Mt. Royal, New Jersey 08061, is a contracting firm that provided contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development and construction of the Access Bridges.

10. Upon information and belief, Menlo Engineering Associates, Inc. (hereinafter "Menlo"), a New Jersey entity, with a principal place of business located at 261 Cleveland Avenue, Highland Park, New Jersey, 08904, is an engineering firm that provided engineering design services, contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

11. Upon information and belief, SESI Consulting Engineers (hereinafter "SESI"), a New Jersey entity, with a principal place of business located at 959 Route 46E, Third Floor, Parsippany, New Jersey 07054, is an engineering firm that provided engineering design services,

3

contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

12. Upon information and belief, Terra Contracting Services, LLC (hereinafter "Terra"), a New Jersey entity, with a principal place of business located at 5787 Stadium Drive, Kalamazoo, Michigan 49009, was a subcontractor of Think Pavers that provided contracting services, planning services, supervisory and oversight services, and/or other services with regard to the development, design, and construction of the Access Bridges.

13. Upon information and belief, FRM Construction Services, a New Jersey corporation, with a principal place of business located at 21 Chandoga Drive, Newton, New Jersey 07860, was a subcontractor of Moretrench responsible for installing concrete pile caps and related services and/or materials with regard to the construction of the Access Bridges.

14. Upon information and belief, Jersey Essay Labs, a New Jersey corporation, with a principal place of business located at 154 Write Street, Newark, New Jersey 07114, was a subcontractor of Moretrench responsible for testing grout used in micropiles and related services with regard to the construction of the Access Bridges.

15. Upon information and belief, at all relevant times, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 (being fictitious names for defendants not yet identified), were licensed to do business in New Jersey and were the architects/engineers and architectural/engineering firms, respectively, that provided architectural, engineering, design, planning, supervisory, and/or other professional services with regard to the design and construction of the Access Bridges.

16. Upon information and belief, at all relevant times, John Doe Contractors 1-10 and ABC Contractor Corps. 1-10 (being fictitious names for defendants not yet identified), were

licensed to do business in New Jersey and were general contractors and/or subcontractors and contracting firms, respectively, that provided construction, installation, oversight, and related services and/or materials with regard to the construction of the Access Bridges.

## JURISDICTION AND VENUE

17.    This Court has jurisdiction over this matter because the majority of the events giving rise to these claims occurred in New Jersey.

18.    Venue is proper in Middlesex County because the majority of the events giving rise to these claims occurred in Middlesex County.

## FACTUAL BACKGROUND

**The Property**

19.    Duke is the current owner of certain parcels constituting approximately 103 acres of real property located at 960, 980, and 1000 High Street in Perth Amboy, New Jersey, on Block 425, Lot 1.02, Block 426, Lot 3.04, and Block 428, Lots 1.01, 1.02, 1.03, and 1.05 (collectively, the "Property").

20.    The Property was owned and operated by the American Smelting and Refining Company before sitting vacant for decades.

21.    Viridian acquired the Property in or about 2013 and undertook extensive remediation to initiate redevelopment efforts at the site.

22.    Redevelopment culminated with a plan for the construction of a warehouse campus on the Property (the "Project").

23.    As part of the Project, Viridian planned the construction of three bridges to enable access to and from areas on the Property. These bridges include: (i) the Northern access bridge leading to 980 High Street, Perth Amboy, New Jersey; (ii) the Eastern access bridge leading to

5

1000 High Street, Perth Amboy, New Jersey; and (iii) the Western access bridge leading to 1000 High Street, Perth Amboy, New Jersey (collectively the "Access Bridges").

24.     The Access Bridges were constructed prior to the construction of the warehouses.

25.     Bridge Perth Amboy, LLC ("Bridge"), a New Jersey Limited Liability Company, purchased the Property from Viridian in or about 2015.

26.     Duke purchased the Property from Bridge in or about November 2017.

**Construction of the Access Bridges**

27.     Upon information and belief, Viridian entered into a contract with Menlo for preparation of the site plan drawings for the Property, which included, among other things, plans for the Access Bridges.

28.     Upon information and belief, Viridian and/or Bridge entered into contracts with NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, and Jersey Essay Labs for the design and construction of the Access Bridges and all foundational support.

29.     Upon information and belief, NASDI was the general contractor responsible for, among other things, overseeing the design and construction of the Access Bridges.

30.     Upon information and belief, Moretrench, among other things, designed and installed the foundational support for the Access Bridges.

31.     Upon information and belief, Shippee, among other things, designed portions of the Access Bridges.

32.     Upon information and belief, SESI acted as a geotechnical engineer and participated in the design of the Access Bridges, including soils and support of the Access Bridges.

6

33.     Upon information and belief, Think Pavers, among other things, designed and constructed the retaining walls that formed portions of the Access Bridges.

34.     Upon information and belief, Menlo, among other things, inspected the proposed construction site to determine if the soil would support the Access Bridges and participated in the design of portions of the Access Bridges.

35.     Upon information and belief, Terra, among other things, assisted with construction of the retaining walls that formed portions of the Access Bridges.

36.     Upon information and belief, FRM Construction Services, among other things, installed concrete pile caps and otherwise assisted with installing foundational support for the Access Bridges.

37.     Upon information and belief, Jersey Essay Labs, among other things, performed testing of grout used in the micropiles and otherwise assisted with installing foundational support for the Access Bridges.

38.     During construction of the Access Bridges, the Defendants purported to review the design plans for the Access Bridges as well as overseeing the construction of the Access Bridges to ensure that they would perform as intended and to ensure that they were built in accordance with the plans and specifications.

39.     The three-lane Northern Access Bridge ("NAB") is a concrete arch structure with asphalt roadway above.  The NAB spans utility pipelines running beneath it and provides vehicle access to the warehouse located at 980 High Street, which is currently occupied by Target and used as a Distribution Center ("Target DC").

7

40.     The Eastern Access Bridge ("EAB") and the Western Access Bridge ("WAB") are also concrete arch structures with asphalt roadway above.  The EAB and the WAB span a drainage creek and provide vehicle access to the warehouse located at 1000 High Street.

41.     Upon information and belief, Viridian and/or Bridge entered into contracts with John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe contractors 1-10, and ABC Contractor Corps., 1-10 for the design and construction of the Access Bridges as set forth herein.

**Failure of the Access Bridges**

42.     The Property and the soil beneath it are comprised of numerous layers of different types of materials, including a layer of artificial fill (gravel, rock, and man-made materials) and, below that, soft, organic, silty clay.

43.     The Project anticipated heavy truck and tractor-trailer traffic over the Access Bridges upon completion and occupancy of the warehouses.

44.     The Access Bridges and their foundational elements were poorly planned, poorly designed, poorly constructed, and thus not sound or fit for their purposes.

45.     These defects have led the NAB to suffer significant damage, including but not limited to: (i) settlement of the NAB; (ii) fractures and depressions in the asphalt roadway; (iii) cracks in the frame of the NAB; and (iv) gaps, settlement, and separation in the concrete masonry unit blocks making up the retaining walls (collectively, the "NAB defects").

46.     As a result of the NAB defects, the NAB remains partially closed, thus limiting access to the Target DC.  The NAB defects also pose a danger of damaging the utility pipelines than run beneath it.

47. The EAB and the WAB have also suffered damage, including but not limited to: (i) settlement of the EAB and WAB; (ii) cracks in the frame of the EAB and the WAB; and (iii) gaps, settlement, and separation in the concrete masonry unit blocks making up the retaining walls (collectively, the "EAB/WAB defects").

48. As a result of the foregoing defects, Plaintiff has been and will continue to be severely damaged.

## FIRST COUNT
## Breach of Contract

49. Duke repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

50. Valid and enforceable contracts exist between Duke (as assignee) and the Defendants.

51. In breach of the duties and obligations of the contracts between Plaintiff and the Defendants, Defendants failed to:

a. Prepare sufficient plans and specifications for the design, engineering, stabilization, and construction of the Access Bridges;

b. Provide materials sufficient for the proper construction of the Access Bridges;

c. Properly test the soil at the locations selected for the construction of the Access Bridges to ensure that the soil conditions were properly taken into account in designing the foundational support for the Access Bridges;

d. Properly design the foundational support for the Access Bridges; and

e. Properly supervise the construction of the Access Bridges to ensure compliance with plans, specifications, and all applicable codes, laws, regulations, and industry standards.

9

52.     In exchange for their services, Defendants were compensated pursuant to the terms of their respective contracts.

53.     As a direct and proximate result of Defendants' breach of the contracts described above, the Access Bridges contained the defects described above.

54.     To make the Access Bridges fit for their intended use, Plaintiff must retain additional services to analyze, design, excavate, repair, and rebuild portions or all of the Access Bridges at a total cost to be determined at trial.

55.     As a direct and proximate result of the Defendants' breaches, Plaintiff has suffered, and will continue to suffer, severe, direct and consequential damages.

WHEREFORE, Plaintiff Duke Realty ePort Urban Renewal, LLC demands judgment against Defendants jointly, severally, and in the alternative, for the following relief: compensatory damages; consequential and incidental damages; reasonable attorney's fees; interest, costs, and fees; and for such other and further relief as is equitable, appropriate, and just.

## SECOND COUNT
### Negligence

56.     Duke repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

57.     Defendants Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, and Jersey Essay Labs owed a duty to exercise reasonable care in designing, engineering, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the construction of access bridges, and all applicable state and local building codes, regulations, and ordinances.

10

58.     John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 owed a duty to exercise reasonable care in providing architectural services, engineering design services, and supervisory services with regard to the Access Bridges in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the design and construction of access bridges, and all applicable state and local building codes, regulations, and ordinances.

59.     John Doe Contractors 1-10 and ABC Contractor Corps. 1-10 owed a duty to exercise reasonable care in supervising the construction of and/or constructing the Access Bridges in accordance with all approved plans, applicable specifications, reasonable commercial standards in the industry for the construction of access bridges, and all applicable state and local building codes, regulations, and ordinances.

60.     All of the aforesaid Defendants breached their duties of reasonable care.

61.     Plaintiff has been damaged as a direct and proximate result of the above-described breaches by Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, Jersey Essay Labs, John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe Contractors 1-10, and ABC Contractor Corps. 1-10, of their duties of reasonable care.

62.     As a direct and proximate result of the foregoing breaches of the duties of reasonable care owed to Plaintiff by Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, Jersey Essay Labs, John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe Contractors 1-10, and ABC Contractor Corps. 1-10, Plaintiff has suffered, and will continue to suffer, severe, direct, and consequential damages.

11

WHEREFORE, Plaintiff Duke Realty ePort Urban Renewal, LLC demands judgment against Viridian, NASDI, Moretrench, Shippee, Think Pavers, Menlo, SESI, Terra, FRM Construction Services, Jersey Essay Labs, John Doe Architects 1-10, John Doe Engineers 1-10, ABC Professional Corps. 1-10, John Doe Contractors 1-10, and ABC Contractor Corps. 1-10, jointly, severally, and in the alternative, for the following relief: compensatory damages; consequential and incidental damages; reasonable attorney's fees; interest, costs, and fees; and for such other and further relief as is equitable, appropriate, and just.

## THIRD COUNT
### Professional Negligence

63.     Duke repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

64.     Defendant Moretrench owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

65.     Defendant Shippee owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

66.     Defendant Menlo owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in

12

the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

67.     Defendant SESI owed a professional duty to exercise reasonable care in designing, constructing, and/or supervising the construction of the Access Bridges in accordance with all approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances. Defendants John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 owed a duty to exercise professional care in providing their work and services with regard to the design, engineering, supervision, oversight, and construction of the Access Bridges to ensure that all work was done in accordance with approved plans, applicable installation specifications, reasonable commercial standards in the industry for bridge design and construction, and all applicable state and local construction codes, regulations, and ordinances.

68.     The Defendants breached their duties of reasonable professional care.

69.     Plaintiff has been damaged as a direct and proximate result of the above-described breaches by Moretrench, Shippee, Menlo, SESI, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10 of their duties of reasonable professional care.

70.     As a direct and proximate result of the foregoing breaches of the duties of reasonable professional care owed to Plaintiff by Moretrench, Shippee, Menlo, SESI, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10, Plaintiff has suffered, and will continue to suffer, severe, direct, and consequential damages.

WHEREFORE, Plaintiff Duke Realty ePort Urban Renewal, LLC demands judgment against Moretrench, Shippee, Menlo, SESI, John Doe Architects 1-10, John Doe Engineers 1-10, and ABC Professional Corps. 1-10, jointly, severally, and in the alternative, for the following relief:

13

compensatory damages; consequential and incidental damages; reasonable attorney's fees; interest, costs, and fees; and for such other and further relief as is equitable, appropriate, and just.

Dated: September 26, 2023                    **K&L GATES LLP**

By:    *Patrick Perrone*
           _____
Patrick J. Perrone (Attorney ID No. 043681987)
patrick.perrone@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiff, Duke Realty*
*ePort Urban Renewal, LLC*

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, Plaintiff hereby designates Patrick J. Perrone as trial counsel in this action.

Dated: September 26, 2023                    **K&L GATES LLP**

By:    *Patrick Perrone*
           _____
Patrick J. Perrone (Attorney ID No. 043681987)
patrick.perrone@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiff, Duke Realty*
*ePort Urban Renewal, LLC*

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues in accordance with the Rules of the Court.

14

Dated:  September 26, 2023                    **K&L GATES LLP**

By: _Patrick Perrone_
_____
Patrick J. Perrone (Attorney ID No. 043681987)
patrick.perrone@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiff, Duke Realty*
*ePort Urban Renewal, LLC*

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, I certify that the matter in controversy with respect to the Access Bridges is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding with respect to the Access Bridges is contemplated except as follows.  Plaintiff has filed (pursuant to a forum selection clause which Plaintiff does not admit is controlling) an action against Premier Design + Build National, LLC in Illinois for damages related to the Western and Eastern Access Bridges.  The Illinois action is entitled Duke Realty ePort Urban Renewal LLC v. Premier Design + Build National LLC, et al. (Case No. 2023L004533) in the Circuit Court of Cook County, Illinois.  I further certify that other than the parties set forth in this pleading, parties who have entered into tolling agreements with Plaintiff, and Premier Design + Build National, LLC (as noted above), I know of no other parties at the present time who should be joined in this action or who are subject to joinder.  However, it is anticipated that as discovery in this matter is taken, additional parties will be added to the case.

Dated:  September 26, 2023

_Patrick Perrone_
_____
Patrick J. Perrone

**CERTIFICATION PURSUANT TO RULE 4:5-1(b)(3)**

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated:  September 26, 2023

_____

Patrick J. Perrone

16

Case: 1:23-cv-04098 Document #: 262-3 Filed: 07/10/26 Page 68 of 71 PageID #:50846

Lisa Olshen Adelsohn, Esq. Attorney ID # 021281991
**MILBER MAKRIS PLOUSADIS**
  **& SEIDEN, LLP**
75 Livingston Avenue, Suite 103
Roseland, New Jersey 07068
(201) 433-0778
*Attorneys for Defendant Solis Engineering Services, Inc.,*
*d/b/a SESI Consulting Engineers*
File No.:  0630NJ-22828

| | |
|---|---|
| DUKE REALTY EPORT URBAN RENEWAL LLC<br><br>      Plaintiff<br><br>v.<br><br>VIRIDIAN PARTNERS, LLC; NASDI LLC; MORETRENCH AMERICAN CORPORATION; SHIPPEE ENGINEERING , INC.; THINK PAVERS; MENLO ENGINEERING ASSOCIATES, INC.; SESI CONSULTING ENGINEERS; TERRA CONTRACTING SERVICES, LLC; FRM CONSTRUCTION SERVICES; JERSEY ESSAY LABS; JOHN DOE ARCHITECTS 1-10; JOHN DOE ENGINEERS 1-10; ABC PROFESSIONAL CORPS. 1-10; JOHN DOE CONTRACTORS 1-10; and ABC CONTRACTOR CORPS. 1-10;<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY: LAW DIVISION<br><br>DOCKET NO.: MID-L-1767-23<br><br>Civil Action<br><br>**STIPULATION EXTENDING TIME TO ANSWER** |
| THINK PAVERS,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>TERRA CONTRACTING SERVICES, LLC,<br><br>      Third-Party Defendant. | |

SHIPEE ENGINEERING, INC.;

                      Defendant/Third-Party Plaintiff,

v.

SOILS ENGINEERING SERVICES, INC. d/b/a
SESI CONSULTING ENGINEERS

                      Third-Party Defendant

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the respective parties, that the time for Defendant Solis Engineering Services, Inc., d/b/a SESI Consulting Engineers., to respond to the Amended Complaint herein or otherwise appear, is hereby extended up to and including October 30; 2023 and it is further

**STIPULATED AND AGREED** that facsimile or electronic signatures to this Stipulation may be treated and deemed as original signatures.

Dated: October 16, 2023

_Patrick J. Perrone_
Patrick J. Perrone, Esq.
**K&L GATES**
*Attorneys for Plaintiff*
One Newark Center , 10th Floor
Newark, New Jersey 07102
patrick.perrone@klgates.com;
veronica.kampfe@klgates.com

_Lisa Olshen Adelsohn_
Lisa Olshen Adelsohn, Esq.
**MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP**
*Attorneys for Defendants Helena Ruman and
Helena Ruman Architects*
75 Livingston Avenue, Suite 103
Roseland, New Jersey 07068
(201) 433-0778
ladelsohn@milbermakris.com

2

Case: 1:23-cv-04098 Document #: 262-3 Filed: 07/10/26 Page 70 of 71 PageID #:50848

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-001767-23

**Case Caption:** DUKE REALTY EPORT U. R., LLC VS VIRIDIAN PARTNER

**Case Initiation Date:** 03/28/2023

**Attorney Name:** LISA O ADELSOHN

**Firm Name:** MILBER MAKRIS PLOUSADIS & SEIDEN, LLP

**Address:** 75 LIVINGSTON AVE STE 103
ROSELAND NJ 07068

**Phone:** 2014330778

**Name of Party:** DEFENDANT : SOILS ENGINEERING SERVICES

**Name of Defendant's Primary Insurance Company**
(if known): CNA

**Case Type:** PROFESSIONAL MALPRACTICE

**Document Type:** Answer W/CrossClaim ,3rd Party Claim W/Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: THINK PAVERS?** NO

**Are sexual abuse claims alleged by: MORETRENCH INC?** NO

**Are sexual abuse claims alleged by: SHIPPEE ENGINEERING,INC.?** NO

**Are sexual abuse claims alleged by: DUKE REALTY EPORT U.R., LLC?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
 **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/30/2023                                                          /s/ LISA O ADELSOHN
Dated                                                                     Signed